FUNK v. BROOKLYN GLASS & MANUFACTURING CO. et al.

(Supreme Court, Special Term, Kings County. October, 1898.)

INJUNCTION—ADEQUATE REMEDY AT LAW.
Where defendant, under execution against a third person, seized plaintiff's stock of goods, took possession of her store and of the books and papers of the business, and locked up the store, thus completely interrupting the business, plaintiff's remedy at law is inadequate, and an injunction will lie.

Action by Mathilda Funk against the Brooklyn Glass & Manufacturing Company and another. On motion to make a temporary injunction permanent. The defendant corporation is a judgment creditor of Henry Funk, and the other defendant is a city marshal who has levied upon the stock in trade in the plaintiff's place of business under an execution issued upon such judgment against Henry Funk, and also taken possession of and locked up her said place, and stopped her business. Granted.

John C. Judge, for the motion.
Herman Baker, opposed.

GAYNOR, J. The facts in this case are the same as in the case of Sickles v. Coombs, 32 N. Y. Supp. 181, decided in 1894, and that decision is here followed.

The opinion in the case of Sickles v. Coombs, cited by the court in foregoing, is as follows:

"GAYNOR, J. The plaintiff makes out a case for relief by injunction. The defendant, a constable, has an execution against another person for $166.42 on a judgment in a justice's court, and under it has seized the chattels of the plaintiff, consisting of a retail stock in trade and a horse and wagon used in it, all of the value of $4,000, as the plaintiff alleges, and of the value of $3,000, as the defendant says in his notice of sale. He has also taken possession of the plaintiff's store, in which she carries on the business, and of the books and papers of the business, and has locked up the store by means of a new lock which he has put on. He has thus completely interrupted the business. The plaintiff shows that the defendant is financially irresponsible for his acts of abuse of process and oppression, and that by reason of such acts, if they be allowed to continue, she will suffer injury to her business and credit for which she will not be able to recover of him, and for which she could not in any event recover adequate damages in an action at law. It seems clear that the damages that must result from such an interruption of the plaintiff's business would be difficult if not impossible of accurate estimation in an action at law. It is not enough that there be a remedy at law to prevent a court of equity from intervening, but there must be a reasonably plain and adequate remedy. It should be on the whole as practical and efficient as the remedy in equity; otherwise the latter will be applied. Boyce's Ex'rs v. Grundy, 3 Pet. 210. I see no reason why the impossibility, or the extreme uncertainty, of getting adequate damages in an action for trespass, should not sustain this action. Though no case in this state exactly in point is cited, there are very similar

cases involving the same principle. Turner v. Smith, 1 Abb. Prac. (N. S.) 304; Tiernan v. Wilson, 6 Johns. Ch. 411. The chancellor gave relief in the latter case by setting aside the sale of real estate under an execution on the ground that the conduct of the officer in selling much more than was necessary was fraudulent in law. The excessive levy in this case, and the exclusion of the plaintiff from her store, is a criminal offense and fraudulent in law, and it seems to me also in fact. Courts of equity grant relief against the fraudulent use of bona fide judgments. Tomkins v. Tomkins, 11 N. J. Eq. 515. In other jurisdictions injunctions have been granted as prayed for in this action and on exactly the same grounds; and text writers point the case out as one for such relief. McCreery. v. Sutherland, 23 Md. 471; Watson v. Sutherland, 5 Wall. 74; High, Inj. § 119; Lawson, Rights, Rem. & Prac. § 3702.

"It may need to be specially observed that the plaintiff has not an adequate remedy by an action of replevin, for the defendant could regain possession of the goods by giving the undertaking prescribed for that purpose.

"Let the injunction be made permanent."