MARY E. MARSHALL AND REUBEN MARSHALL V. MARY HO-
MIER AND HENRY HOMIER.

(Filed September 10, 1903.)

1. INJUNCTION—Dissolved, When. Where in an action for an injunction, the alleged contemplated injury is such as can be fully compensated in money damages, and the defendants are wholly and unquestionably solvent, a temporary injunction should not be granted, and where granted upon proper motion should be dissolved, and the plaintiffs left to their adequate remedy for damages.
2. PETITION—Held Good, When. In the absence of a demurrer or

motion, unless there is a total omission to allege some material fact which is essential, upon an objection to the introduction of any evidence, the petition will be held good.

3. EVIDENCE—Objection to Introduction of. In the absence of a demurrer or motion upon an objection to the introduction of evidence, the court should take into consideration all of the pleadings filed in the case, the answer and reply as well as the petition, and if from all the pleadings the court can find that there is a cause of action in favor of the plaintiffs, the objection should be overruled.

4. GROWING CROPS—Title Passes, When. In the absence of a reservation, the title to the growing and unmatured crops upon lands conveyed by warranty deed passes with the land, under the statutes of this territory.

5. MISTAKE—Must be Material. A mistake to warrant relief in equity must be material, and without fault or negligence on the part of the party seeking relief.

6. SAME—Action for Will Lie, When. An action in equity will lie by the grantor to reform a deed to real estate in this territory, where by agreement the growing and unmatured crops were to be reserved, and such reservation is left out of the deed by mutual mistake.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before C. F. Irwin, Trial Judge.*

*Bradley & Bradley,* for plaintiffs in error.

*Noffsinger & Hinch,* for defendants in error.

### STATEMENT OF FACTS.

An action by plaintiff in error against defendant in error in the district court of Kingfisher county to reform a deed. Trial and judgment for defendant in error. Motion for new trial overruled, and exception by plaintiff in error, who brings the case here upon petition for review.

Opinion of the court by

BEAUCHAMP, J.: The plaintiffs in error filed their petition in the district court of Kingfisher county on the 11th day of June, 1900, praying the reformation of a deed,

and for an injunction.    The facts alleged in the petition so far as are necessary for consideration in this case, are:

"That on the 22nd day of March, 1900, the said plaintiffs were the owners in fee simple of, and in possession of, and entitled to the possession of, the following described real estate, situated in the county of Kingfisher and Territory of Oklahoma, to-wit; the northeast quarter of section seven in township seventeen, north of range seven, west, together with all the crops standing, being and growing thereon, and the tenements, hereditaments and appurtenances thereunto appertaining, and that on said 22nd day of March, 1900, the said Mary E. Marshall and Reuben Marshall, husband and wife, conveyed by warranty deed to said defendant, Mary Homier, the said premises, save and except all the wheat crop, potato crop and fruit crop then being and growing on said premises; that said Mary Homier and Henry Homier are husband and wife, and it was agreed between the said plaintiffs and the said defendants, on said 22nd day of March, 1900, in consideration of the sale of said premises by said plaintiffs to said defendant, Mary Homier, that said plaintiffs would reserve the said crops above mentioned, and through misunderstanding and by mistake the reservation of said plaintiffs of said crops was left out of said deed.    The said plaintiffs, believing that said reservation of said crops to said plaintiffs was in said deed at the time of the execution thereof, signed the same, and said deed ought to be reformed so as to reserve said crops to said plaintiffs.

"That at the time of the execution of said deed one William Anderson, a tenant of said plaintiffs, had and now has about sixty acres of wheat standing and growing on said premises, of which wheat said Anderson was to receive two-thirds and said plaintiffs were to receive one-third, measured in the half bushel at the time of the threshing thereof, and said plaintiffs were to pay said Anderson five cents a bushel for threshing their one-third of said wheat crop.

"That said plaintiffs have and own on said premises, now standing, being and growing, about twenty acres of. wheat; that all of said wheat is about ripe and ready to harvest.

"That said plaintiffs have also on said premises, now standing, being and growing, a fruit crop and a potato crop, being of the value of about twenty dollars ($20); that the value of plaintiffs' interest in said wheat crop is about four hundred dollars ($400); that the aggregate value of plaintiffs' interest in and to said crop is $420.

"That the said defendants now claim all of said grain, fruit and potatoes and threaten to take the same and convert the same to their own use, and that said defendants are wholly insolvent and irresponsible and will, unless enjoined and restrained by this court, take and convert said property to their own use, and said plaintiffs will suffer irreparable injury thereby and have no adequate remedy at law. And the plaintiffs' injuries are not susceptible of adequate compensation in damages, and said defendants and each of them are now threatening to and will, unless enjoined by the order of this court, convert said property, the crops mentioned, to their own use.

"Wherefore, the plaintiffs pray that the said defendants and each of them be enjoined and restrained from in any manner interfering with the said plaintiffs' right to and possession of said crops hereinbefore mentioned, and that on the final hearing of this cause said injunction be made perpetual, and that said plaintiffs be adjudged the owners of and entitled to the possession of said crops, and that said deed be corrected and reformed so as to reserve said crops as hereinbefore stated, to plaintiffs, and for such other and further relief as to the court may seem lawful and equitable, and that said defendants pay the costs of this action."

On the same day, the district judge being absent from the county, application was made, and a temporary injunction granted by the judge of the probate court of Kingfisher

county.   On the 21st day of June, 1900, the defendants filed in the district court a motion to dissolve the temporary injunction granted by the probate judge, and on the same day the defendants filed an answer to the petition of the plaintiffs, alleging first a general denial of the allegations set forth in the plaintiffs' petition, and second, denying that they were insolvent, and admitting the purchase of the tract of land in question by Henry Homier from Mary E. Marshall, and the execution of the deed with her warranty that the same was clear from all encumbrance, and without reservation, and that Reuben Marshall joined in said deed as the husband of Mary E. Marshall; that the title to said real estate prior to the conveyance was in Mary E. Marshall, but that Mary Homier is now the owner of said real estate, and in the possession thereof.   On July 2, 1900, the motion to dissolve the injunction came on before the district judge at his chambers in El Reno, which injunction after hearing thereof was by him dissolved, and exceptions saved by the plaintiffs.   On April 15, 1902, the cause came regularly on for trial in the district court, and the plaintiffs offered a witness in their behalf; thereupon the defendants objected to the introduction of any testimony on the alleged ground that there was a defect of parties, and that the petition of plaintiffs failed to state facts sufficient to constitute a cause of action against the defendants; which objection the court sustained, and to which ruling of the court the plaintiffs at the time duly excepted.   Thereupon the plaintiffs, refusing to proceed further, the court rendered judgment against the plaintiffs for costs, to which judgment the plaintiffs duly excepted.   Motion for new trial was filed and argued, which was by the court overruled, and exceptions saved by the plaintiffs.

Upon the motion to dissolve the temporary injunction, affidavits and oral testimony were heard by the judge, and are incorporated in the record. The evidence shows clearly that the defendants are solvent, and are amply able to answer in damages for any sum that could be recovered by the plaintiffs, and the action being one for which the injury complained of by plaintiffs can be fully compensated in damages, the order of the judge dissolving the temporary injunction was clearly right. Where the alleged contemplated injury is such as can be fully compensated in money damages, and the defendants are wholly and unquestionably solvent and responsible, a temporary injunction should not be granted; and where a temporary injunction is granted upon proper motion it should be dissolved, and the plaintiff left to his remedy by an action for damages, which under the circumstances is adequate. It is well settled that an injunction should not be granted or allowed where there is a full and adequate remedy at law.

As will be observed the petition reasonably and sufficiently states the agreements of plaintiffs and defendants that the plaintiffs should reserve the crops then growing upon the land in question, and that through misunderstanding and by mistake the reservation of the crops was left out of the deed, and the plaintiffs believed that said reservation of the crops to the plaintiffs was in the deed at the time of the execution thereof. The answer of the defendants admits the allegations as to the execution of the deed, and alleges that the same was a warranty deed with the usual covenants of warranty, and that there was no reservation contained in the deed. Where a defendant does not demur to a petition, but answers and at the trial objects to the introduction of evidence upon the ground that the petition fails to state a suf-

ficient cause of action, the petition will be construed so as to uphold it if possible. No demurrer was filed in this case, nor was any motion presented to have the petition made more definite and certain, or any other pleading attacking the sufficiency of the petition filed. In the absence of a demurrer or motion, unless there is a total omission to allege some material fact which was essential, the petition will be held good. (*Bank of Glasgo v. Marshall, Sheriff,* 5 Kans. App. 252, and cases there cited.) In the case of *Street Railway Co. v. Stone,* 54 Kans. 95, in the opinion of the court by Horton, Chief Justice, it is said that in the absence of a demurrer and motion the allegations of a petition will be construed liberally, and unless there is a total omission to allege some material fact which is essential, the petition will be held good. If the events are all stated even indefinitely, or in the form of conclusions, the petition will be regarded as sufficient. Also see cases there cited.

In the absence of a demurrer or motion upon an objection to the introduction of evidence the court should take into consideration all of the pleadings filed in the case, the answer and reply as well as the petition, and if from all the pleadings the court can find that there is a cause of action in favor of the plaintiffs, the objection should be overruled. In this case it is shown by the petition and answer that there was a contract and sale of the land in question, a warranty deed was made by plaintiffs, and that the same was without reservation. The petition sufficiently alleges that there was an agreement between the parties that the growing crops, fruit, etc., should be reserved in the deed. The answer, while it admits the deed, and that there was no reservation contained in the deed, does not, except by general denial, deny that it was agreed

that such reservation should be inserted in the deed. Assuming, however, that the general denial is sufficient to make an issue upon that proposition, then the only issue raised by the pleadings is as to whether the agreement between the parties was that such reservation should be inserted in the deed. It seems to us clear from the allegations in the pleadings in this case that issue is clearly drawn by the pleadings. For what particular reasons the trial court sustained the objection to the introduction of evidence we are not advised, and the brief of defendants in error gives us but little light. He states in his brief, first, that the petition on its face shows that there are improper parties, as Henry Homier is not a proper party to this action, as it is stated that the deed was executed by Mary Marshall, and we are left with this bare statement as to that proposition, without either argument or citation of authorities. It is shown by the pleadings that the deed was made by plaintiffs in error to Mary Homier who is the wife of Henry Homier. While it may be possible that he might not be a necessary party to a final determination of the issues in this case, he is the husband of the grantee in the deed, and to that extent a beneficiary.

Counsel for the defendants in error further contends that the petition omits material allegations for the purposes of giving equity jurisdiction to take hold of and change the deed in question, and says first, "That the correction desired to be made must be material." This proposition we must concede. Was the correction desired to be made by plaintiffs in error material? As stated before, the answer of the defendants alleges that the deed was a warranty deed, containing the usual covenants of warranty. It must be assumed

under this allegation, that the deed was a warranty deed, made in substantial compliance with the laws of this territory.

"A warranty deed substantially in the form prescribed by the statutes of this territory conveys to the purchaser the land described together with all the improvements thereon and the appurtenances thereunto belonging and warrants the title to the same." (Session laws of 1897, page 101, section 41.)

Section 10, session laws of 1897, page 94, provides: " 'Appurtenances,' unless otherwise qualified, shall mean all improvements and every right of whatever character pertaining to the premises described."

Under the sections of the statutes quoted, the title to the growing and unmatured crops upon lands conveyed by warranty deed pass with the land. Such seems to be the rule in most states, under statutes not nearly so explicit as the statutes of this territory. (*Chapman v. Beach,* 32 Kans. 167, and cases there cited.) And it seems that such is the general doctrine, except in a few states where otherwise provided by statute. As the deed not containing the reservation of the crops conveyed the same to the defendants, it requires no argument that the omission from the deed of the reservation was material, for by the deed the defendants were vested with title to the property, and the plaintiffs deprived from the benefits thereof, by the omission of a stipulation which was expressly agreed and understood should be contained in the deed. Neither is it any answer to this proposition that the plaintiffs might be permitted to recover the value of the growing crops, notwithstanding the reservation was omitted from the deed.

Whether the plaintiffs could recover damages for the

value of the crops under such circumstances is not now neces-
sary to decide, for it is not essential that the relief desired in
this character of an action should be the final relief to which
the plaintiffs are entitled.   (Pomeroy's Equity Juris. vol 3,
sec. 1375.)

The defendants contend second, "That the mistake that
is desired to be corrected must have been mutual."   The pe-
tition in this case alleges that it was the agreement between
the plaintiffs and defendants that the plaintiffs should reserve
the crops, and that such reservation was agreed upon as a
part of the consideration in the purchase of the land in ques-
tion.   Such being the case, the omission from the deed was
clearly a mistake, an oversight; and it being the agreement
that the reservation should be stated in the deed, the mistake
and oversight in omitting it was mutual.

The defendants contend third, that "There must have
been no fault or negligence on the part of the grantors who
executed the deed."   The facts stated in the petition show
that the omission was an oversight on the part of the scrivener,
and that when the plaintiffs signed and executed the deed
they understood and believed that the deed contained the res-
ervation.   The omission from the deed of the reservation of
the crops was a mistake not only of the plaintiffs, but of the
defendants.   The duty to see that such reservation was con-
tained in the deed was not only the duty of the plaintiffs, but
the defendants as well.   A mistake of fact is defined by the
statutes of this territory to be a mistake not caused by the
neglect of a legal duty on the part of the person making the
mistake, and consisting in:

"First, an unconscious ignorance or forgetfulness of a

18 Vol 13

fact past or present, material to the contract; or, second, belief in the present existence of a thing material to the contract which does not exist, or in the past existence of such a thing, which has not existed.   (Wilson's Statutes, 1903, section 748.)

The defendants contend fourth, that "The instrument executed must not have been what the parties intended it to be at the time it was written, and that the reason it is not must have been the mutual mistake of both." This contention is fully answered in our answers to the other contentions.

That such an action can be maintained cannot be disputed. Equity has jurisdiction to reform a written instrument, first:

"Where there is a mutual mistake, that is where there has been a meeting of minds, an agreement actually entered into, but the contract, deed, settlement or other instrument in its written form does not express what was the real intention of the parties thereto; where there has been a mistake of one party accompanied by fraud or other questionable conduct of the remaining parties. In such cases the instrument may be made to conform with the agreement or transaction entered into according to the intention of the parties. Almost all written instruments may be reformed when the proper occasion is furnished." (Pomeroy Equity Juris. vol. 3, sec. 137.)

"One of the most common classes of cases in which relief is sought in equity on account of a mistake of fact, is that of written agreements, either executory or executed. Sometimes by mistake the written agreement contains less than the parties intended; sometimes it contains more; and sometimes it simply varies from their intent by expressing something different in substance from the truth of that intent. In all such cases, if the mistake is clearly made out by proofs entirely satisfactory, equity will reform the con-

tract, so as to make it conformable to the precise intent of the parties." (I Story Eq. Jur. p. 164.)

"No doubt but this court has jurisdiction to relieve in respect of a plain mistake in contracts in writing, as well as against frauds in contracts; so that if reduced into writing contrary to the intent of the parties, on proper proof that would be rectified." (*Bradford et al. v. Union Bank of Tenn.* 54 U. S. 66.)

In *Snell v. Insurance Co.*, 98 U. S. 89, after citing many authorities and going fully into the question as to whether such an action can be maintained, in the opinion of the court by Mr. Justice Harlan, it is said:

"Chancellor Kent examined the question both upon principle and authority and said: 'I have looked into most, if not all, of the cases in this branch of equity jurisdiction, and it appears to me established, and on great and essential grounds of justice, that relief can be had against any deed or contract in writing founded in mistake and fraud. The mistake may be shown by parol proof, and the relief granted to the injured party, whether he sets up the mistake, affirmatively as by bill, or as a defense.' In the same case he said: 'It appears to be the steady language of the English chancery for the last seventy years, and of all the compilers of the doctrines of that court, that a party may be admitted to show, by parol proof, a mistake, as well as fraud, in the execution of a deed or other writing.' And such is the settled law of this court. (Citing cases.) It would be a serious defect in the jurisdiction of courts of equity if they were without the power to grant relief against fraud or mutual mistakes in the execution of written instruments. Of course parol proof, in all such cases, is to be received with great caution, and, where the mistake is denied, should never be made the foundation of a decree, variant from the written contract, except if it be of the clearest and most satisfactory character. * * *"

Under such circumstances a court of equity could not deny relief without aiding the defendants to obtain an unconscionable advantage, through a mistake, for which they were clearly responsible with the plaintiffs.

In the case of *Elliott v. Sackett,* 108 U. S. 142, which was a case to reform a deed, in the opinion of the court by Mr. Justice Blatchford, it is said:

"In the preparation of the deed to Elliott, there was by mutual mistake, a failure to embody in the deed the actual agreement of the parties as evidenced by the prior written agreement. The meaning of that prior agreement is clear, and nothing occurred between the parties, after it was signed and delivered, to vary its terms, except the mere fact of the delivery of the deed, the terms of which are complained of and sought to be reformed. The deed did not affect what both the parties intended by the actual contract which they made, and the case is one for the interposition of a court of equity."

The pleadings in this case show that there was an agreement that the growing crops on the land conveyed by the plaintiffs should be reserved in the deed; that the deed was a general warranty deed; that as written and executed it contained no reservation, and such deed conveyed in the absence of a reservation the growing and unmatured crops upon the land; that the omission from the deed was a mutual mistake of both plaintiffs and defendants; that the omission being a mistake, an oversight would not constitute negligence on the part of the plaintiffs in error, and that the omission of such reservation from the deed was material. While the petition in this case was perhaps inartistically drawn, still in our opinion the pleadings considered together state a cause of action, and are sufficient to withstand the objection to the introduction of testimony, and such objection should have

been overruled.   The judgment of the district court of King-
fisher county is therefore reversed, with instructions to over-
rule the objection to the introduction of testimony, and to
proceed in accordance with this opinion.

Irwin, J., who presided in the court below, not sitting;
Gillette, J., absent; all the other Justices concurring.