Bracken v. Stone *et al.*

No. 1928, Okla. T. Opinion Filed April 13, 1908.

(95 Pac. 236.)

INJUNCTION—Threatened Trespass—Irreparable Injury—Defective Petition. A petition in an application for a restraining order, which seeks to enjoin an alleged threatened trespass, such as could be fully compensated in money damages, and which concludes "to the irreparable damage of this plaintiff," but which fails to state that defendants are insolvent, is fatally defective, and a temporary injunction issued thereon was properly dissolved on motion supported by affidavits showing the solvency of the defendants.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County; before C. F. Erwin, Judge.*

Action by John D. Bracken against Ira G. Stone and others. From an order dissolving an injunction, plaintiff brings error. Affirmed.

On March 10, 1906, John D. Bracken, plaintiff in error, plaintiff below, commenced this action in the district court of Kingfisher county, Okla. T., by filing his amended petition, as follows:

"Comes now the above-named plaintiff and alleges: That plaintiff is in possession of and entitled to the quiet and peaceable possession of lot 4, block 36, in that part of the city of Kingfisher, Okla. T., formerly known as Lisbon, and the owner of a certain frame building thereon, and the defendants have agreed and conspired together to injure and damage this plaintiff by entering upon said lot and committing waste thereon, and breaking and removing and carrying away the building on said lot without any legal process, and without the consent of the plaintiff, and without any authority or right whatsoever, and will at once

commit said trespass and waste, and take, injure, and carry away said building, unless restrained by the court, to the irreparable damage of this plaintiff. Wherefore, plaintiff prays that defendants and each of them, their marshals, agents, servants, and employes, may be perpetually enjoined from entering upon said lot, or touching, breaking, removing, or in any way interfering with the plaintiff's said property, or any part thereof; and that in the meantime a temporary order may be issued enjoining the defendants as aforesaid and their deputies, marshals, agents, or employes, and for such further and other relief as the nature of the case may require.

"W. F. JACOBS AND D. K. CUNNINGHAM,
"Attys. for Plaintiff."

"I, John D. Bracken, being duly sworn, make oath and say that I have read the above and foregoing petition and know the contents thereof, and that the several allegations contained therein are true.                                    "JOHN D. BRACKEN.

"Subscribed and sworn to before me this 10th day of March, 1906

"[Seal.]                          E. M. HEGLER, Clerk."

At the same time, in support of said petition, plaintiff filed an affidavit reciting substantially as set forth in the petition. On the same day, on presentation thereof to Honorable John M. Graham, probate judge of that county, he issued the following order:

"Now on this 10th day of March, 1906, the above-named plaintiff making application before me for an order enjoined above-named defendants and each of them, and it appearing to me that plaintiff has filed his petition for injunction in the district court, and that the judge of said district court is absent from said county, and for good cause shown, the said order asked for is hereby granted, and the defendants are hereby ordered to be, and are hereby, enjoined from in any way entering upon lot 4 in block 36 in that part of the city of Kingfisher, Okla. T., formerly known as Lisbon, or committing any waste thereon, and abstain from taking, entering, or removing the frame building thereon from said lot or any part thereof, or in any way interfering with the plaintiff, or any of his contractors, agents, servants, or employes, until further order of this court. Let this order of in-

junction issue upon plaintiff giving two hundred dollar bond, to be approved by the clerk of the district court.

"[Seal.]          John M. Graham, Probate Judge."

The bond was afterwards duly filed and approved, and proper process issued; and thereafter, on the 12th day of March, 1906, the above-named defendants and each of them duly appeared and filed in the above-entitled cause a motion, and afterwards a supplemental motion to dissolve said temporary injunction, and at the same time filed certain affidavits in support thereof.

On March 17, 1906, the cause came on to be heard before Honorable C. F. Irwin, judge of the district court of the county of Kingfisher, at chambers, in the city of El Reno. Upon the motions of the defendants to dissolve said temporary injunction, and after hearing arguments of the attorneys on both sides, the court sustained the motion to dissolve, but further ordered, in substance, that the cause remain in effect upon proper bond, and case-made being filed by defendants, and the case prosecuted on appeal with due diligence to this court, which was done; and plaintiff now asks that the order vacating the temporary injunction aforesaid be vacated and set aside, and that said injunction be allowed to remain in full force and effect until said cause is finally heard upon the merits in the district court.

*D. K. Cunningham* and *F. W. Jacobs,* for plaintiffs in error.

*John T. Bradley* and *John T. Bradley, Jr.,* for defendants in error.

Turner, J. (after stating the facts as above). The first ground of the motion to dissolve in the lower court is "that the petition in said cause does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants." The first question, then, is, did the court err in sustaining this contention, which is in the nature of a general demurrer to the petition? 10 Enc. Pl. & Pr. p. 1046, says:

"On a motion to dissolve the injunction for the want of equity in the bill, facts which are well pleaded in the bill are to

. Bracken v. Stone *et al.*

be taken as true the same as upon a demurrer." (Citing authorities.)

It is urged that the petition fails to "allege any irreparable injury or damage, or show that any irreparable injury or damage is threatened. It does not allege or show that the injury or threatened injury is not susceptible of adequate compensation in damages. It does not allege that the defendants or any of them are insolvent. * * *" It is elementary that all these allegations are essential to entitle plaintiff to a temporary injunction. While the complaint concludes "to the irreparable damage of the plaintiff," this is not sufficient. 10 Enc. Pl. & Pr. p. 954, says:

"A general allegation that the acts apprehended will be irreparable, unattended by such a statement of facts as enables the court to see that such will be the result, is insufficient. The pleader must not content himself with a mere averment of his conclusions, but must show how the irreparable injury apprehended is to arise by giving a full and detailed statement of the facts and circumstances, the nature and condition of his property, etc., so as to enable the court to determine the necessity for an injunction."

The threatened trespass sought to be enjoined cannot be shown to be irreparable, unless coupled with the allegations of the insolvency of the defendants, and the absence of it renders the complaint fatally defective. 10 Enc. Pl. & Pr. p. 956, says:

"It frequently happens that the insolvency of the defendant is a material fact, which should be charged in order to show that the injury will be irreparable, especially where an injunction is sought against breach of contract, a nuisance, a trespass, or a waste; and such an allegation is all the more important when the damages are capable of estimation because if the damages can be assessed by a jury, and the defendant is solvent, the remedy at law is necessarily adequate."

But to put the matter of solvency of defendants beyond question, and to show that such they were, and that the injury, if inflicted, would not be irreparable, and for which plaintiff would have an adequate remedy at law, defendants filed affidavits showing the undoubted solvency of each of them, and, in sub-

stance, that they were the mayor, city council, and marshal of the city of Kingfisher, and, as such, were acting in the premises under and by virtue of certain ordinances of said city which provide, among other things, that it should be unlawful for any person to construct or remove to a location within a certain part of said city called the "fire limits" such a building as is the one in controversy; that plaintiff had violated these ordinances with reference to the building in question; and that by resolution of the city council it was ordered by the mayor and city council that the same be forthwith removed therefrom and out of the fire limits as established by said ordinances, and that the city marshal was duly ordered to remove said building accordingly.

*Marshal v. Homier*, 13 Okla. 264, 74 Pac. 368, is directly in point. In that case the court said:

"Upon the motion to dissolve the temporary injunction affidavits and oral testimony were heard by the judge, and are incorporated in the record. The evidence shows clearly that the defendants are solvent, and are amply able to answer in damages in any sum that could be recovered by the plaintiffs, and the action being one for which the injury complained of by plaintiffs can be fully compensated in damages, the order of the judge dissolving the temporary injunction was clearly right. Where the alleged contemplated injury is such as can be fully compensated in money damages, and the defendants are wholly and unquestionably solvent and responsible, a temporary injunction should not be granted; and, where a temporary injunction is granted upon proper motion it should be dissolved, and the plaintiff left to his remedy by an action for damages, which under the circumstances is adequate. It is well settled that an injunction should not be granted or allowed where there is a full and adequate remedy at law."

It is unnecessary to consider the other grounds upon which the court sustained the motion. It follows that the court did not err in vacating the temporary injunction, and its action in so doing is therefore affirmed.

All the Justices concur.