## HAYCOCK *v.* TARVER.

## Opinion delivered March 31, 1913.

1.  EXECUTION—INJUNCTION—JURISDICTION OF CHANCERY COURT.—Where a sheriff is about to levy an execution upon plaintiff's stock of merchandise, which will break up his business and destroy his credit, and an action of replevin or for the value of the property would be inadequate, equity has jurisdiction to restrain the act. (Page 460.)

2.  HUSBAND AND WIFE—APPARENT OWNERSHIP OF PROPERTY—ESTOPPEL.— Where a wife permits her husband to use her property as an apparent basis of credit, she will be estopped to assert ownership in herself against creditors who have been misled to their prejudice. (Page 461.)

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; reversed.

*A. T. Whitelaw,* for appellant.

1. The chancery court is without jurisdiction where the party has a complete and adequate remedy at law, unless there is shown to exist some one of the established subjects of equity jurisdiction. 29 Ark. 340; 27 Ark. 676; 36 Ark. 481; 48 Ark. 331; *Id.* 510; 93 Ark. 266-269; 14 Ark. 339; 20 Ark. 610; 29 Ark. 340; 30 Ark. 128; 75 Ark. 114; 67 Ark. 441.

2. If the business was Rosa Tarver's, she must be held to have ratified the act of her husband in renting the store building, as she accepted the benefit of his contract. 50 Ark. 458; 29 Ark. 131; 54 Ark. 216; 55 Ark. 240; 66 Ark. 209.

3. If the property mentioned in the complaint was in fact the property of Rosa Tarver, the conduct of herself and husband in permitting him to manage and control the business in his own name, holding himself out to the public as the owner thereof so as to induce the belief that he was the real owner, should estop her from claiming the property as against these appellants. 86 Ark. 486-488; 84 Ark. 355; *Id.* 227; 76 Ark. 252; 74 Ark. 161-166; 50 Ark. 42.

4. Having received the benefit of the rent, appellee would not be entitled to equitable relief until she had

paid or offered to pay, what was justly due for the rent of the building. 9 Ark. 535; 33 Ark. 294; 53 Ark. 150; 67 Ark. 236; 63 Ark. 576; 65 Ark. 398; 74 Ark. 241; 81 Ark. 279.

*A. H. Rowell,* for appellee.

1. Sufficient ground for the intervention of the chancery court is shown in the allegations of the complaint to the effect that appellee had no remedy at law to prevent the levy, and that if the execution was levied on the goods at the time stated, it would result in loss of trade and irreparable injury to her business, leaving her without adequate measure of damages or remedy at law to recover the same. 48 Ark. 331; 20 Ark. 610; 30 Ark. 128; Kirby's Dig., § 3965; 35 Ark. 184; 1 High on Injunctions 103; 138 U. S. 271.

2. The deed showed that the real property belonged to Mrs. Tarver, and the tax assessment showed the property in her name. When appellant elected to sue J. W. Tarver, he waived whatever right he may have had to sue appellee. 1 Clark & Skyles on Agency 1016; 64 Ark. 213.

3. The doctrine of ratification is not applicable here. The proof shows that the business was owned by Mrs. Tarver; that the wholesale grocer so considered it and always billed the goods to her and looked to her for payment; that it was listed in Dunn's Commercial Agency as her business, and the tax record shows that it had been listed as her's, and that she had paid taxes thereon for seven years. And there is no testimony that she permitted her husband to use her property as his own.

McCULLOCH, C. J. Appellee instituted this action in the chancery court of Jefferson County to restrain appellants from levying an execution on her property. Appellant, Haycock, obtained a judgment at law against appellee's husband, J. W. Tarver, for the recovery of money due upon contract, and sued out an execution, which was placed in the hands of Edgar Brewster, the other appellant, who was the sheriff of Jefferson County. The sheriff attempted to levy the execution upon a stock of mer-

chandise in a storehouse in the city of Pine Bluff, appellee claiming that the property belonged to her, and that she was operating the business. The chancellor overruled a demurrer to the complaint, and, on final hearing of the cause, rendered decree in appellee's favor, restraining the sheriff from levying the execution on the property in question.

The first ground urged for reversal of the cause is, that the chancery court had no jurisdiction. Appellants invoke the rule, which is well established, that ordinarily a court of equity will not restrain trespass, nor interpose to prevent a sale of personal property, where there is an adequate remedy at law. That principle is well established, but notwithstanding the relief sought is to prevent the sale of chattels the circumstances may be such that a remedy at law is inadequate. It is alleged in the complaint that the sheriff was about to levy the execution upon the stock of merchandise, and thereby interfere with appellee's mercantile business and break it up and destroy her credit. An action in replevin to recover the possession of the property or an action to recover the value thereof, would not be an adequate remedy, for other damages in excess of the value of the property would, according to the allegations of the complaint, be sustained. This is sufficient to give a court of chancery jurisdiction to restrain an illegal act about to be committed under those peculiar circumstances. *Watson* v. *Sutherland,* 5 Wall. (U. S.) 74; *North* v. *Peters,* 138 U. S. 271.

About ten years ago appellee and her husband, J. W. Tarver, came to Pine Bluff, according to the testimony, and bought out the small stock of goods and grocery business of W. A. Tarver, who was the uncle of J. W. Tarver. Some time thereafter they moved into a building owned by appellant, Haycock, and a written lease was entered into between him and J. W. Tarver for the term of five years. The business was conducted in that house until about five months before the expiration of the lease. This was in November or December, 1910. Another building was embraced in the lease which appellee

and her husband occupied as a place of residence. The rent was not paid for the last five months and in March, 1911, Haycock sued J. W. Tarver and obtained judgment against him for $250.00, the balance due on the rent. The execution sought to be levied on the property in controversy was issued on this judgment.

Appellee claims, and sought to prove, that the stock of goods and the business belonged to her, and that she operated it, her husband acting as her agent. She testified that she purchased the stock of goods and business from W. A. Tarver with her own money, and that the business has always been owned and controlled by her. W. A. Tarver testified that she purchased the business with her own funds, and J. W. Tarver testified to the same effect, he being called as a witness on behalf of appellee and no objection being made to his testimony. There is other testimony tending to support the contention of appellee that she owned the stock of goods and operated the business. There is, however, other testimony which establishes the fact very clearly that, even if the business was purchased with funds of appellee, it was conducted by her husband, J. W. Tarver, in a way which deceived the public at large and those who dealt with him concerning the ownership of the business. The insurance was for a considerable time carried in the name of J. W. Tarver. The lease of the storehouse in which the business was conducted was entered into between appellant, Haycock, and J. W. Tarver. The sign upon the window and the advertisements in the newspapers all proclaimed it as the business of J. W. Tarver. The account at the bank was, up to the time of the rendition of the judgment in Haycock's favor, kept in the name of J. W. Tarver and was only changed when attempt was made to reach the funds by garnishment. J. W. Tarver had active charge of the business and looked after it in detail, doing nearly, if note quite, all the buying. Appellee accepted the lease on the building when she knew, or ought to have known, that the contract was made in her husband's name. She permitted credit to be extended

upon the faith of his ownership of the business and under those circumstances she can not assert ownership in herself against creditors who have been misled to their prejudice. *Driggs* v. *Norwood,* 50 Ark. 42; *Geo. Taylor Com. Co.* v. *Bell,* 62 Ark. 32; *Morris* v. *Fletcher,* 67 Ark. 105; *Roberts* v. *Bodman-Pettit Lumber Co.,* 84 Ark. 227.

The testimony in the case clearly convices us that to all appearances to one dealing with the business it belonged to the husband, J. W. Tarver, and it is evident that appellant, Haycock, extended credit under that belief. The conclusion reached by the learned chancellor is, we think, clearly against the preponderance of the testimony, and the decree is therefore reversed and the cause is remanded with directions to dismiss the complaint for want of equity.