### CRUTCHER v. JOHNSTONE.

No. 7125—Opinion Filed Jan. 2, 1917.

(162 Pac. 201.)

**Injunction—Irreparable Injury—Refusal.**

The judgment of a court refusing an injunction will not be disturbed on appeal, where the petition neither alleges that an irreparable injury will be done the plaintiff, nor that the defendant is insolvent and cannot respond in damages.

(Syllabus by Higgins, C.)

Error from District Court, Comanche County; J. T. Johnson, Judge.

Action by S. O. Crutcher against the defendant, Kelly Johnstone. Judgment for defendant, and plaintiff brings error. Affirmed.

W. C. Stevens, for plaintiff in error.

Fred R. Ellis, for defendant in error.

Opinion by HIGGINS, C.  For convenience, the parties hereto will be designated as they were in the lower court. S. O. Crutcher, plaintiff, instituted this suit in the district court of Comanche county, against the defendant, Kelly Johnstone, for an injunction. The plaintiff in his petition, in substance, avers: That the plaintiff leased from the defendant certain lands for pasturage purposes; that he kept his cattle on the same for some nine days and, owing to the ground being wet, he took them off; that at a later date, and during the life of the lease, he attempted to return his cattle again into the pasture, but that the defendant refused to allow this to be done; and the plaintiff asks the court

to restrain the defendant from interfering with him in the use of the leased land, stating that he is without a plain, speedy, and adequate remedy at law. To this petition the defendant interposed a general demurrer, and upon presentation of the same to the court the demurrer was sustained and the cause dismissed at the cost of plaintiff, to which order and ruling of the court the plaintiff excepted, and an appeal is taken to this court.

The petition neither alleges that an irreparable injury will be done this plaintiff, nor that the defendant is insolvent and unable to respond in damages. If the defendant is solvent, then in the instant case the plaintiff has an adequate remedy at law. To warrant a court of equity to grant an injunction, the facts stated in the petition should show that an irreparable injury will be done this plaintiff. 22 Cyc 762; Noble State Bank v. Haskell, 22 Okla. 48, 97 Pac. 590. Or furthermore, it should be shown that the defendant is insolvent and unable to respond in damages, Marshall v. Homier, 13 Okla. 264, 74 Pac. 368; Bracken v. Stone, 20 Okla. 613, 95 Pac. 236.

We are of the opinion that the lower court committed no error in refusing to grant an order of injunction and recommend that the judgment dismissing the cause of action be affirmed.

By the Court: It is so ordered.