**ROMA OIL CO. et al. v. LONG.**
No. 8687—Opinion Filed July 2, 1918.
(173 Pac. 957.)
(Syllabus.)

1. **Public Lands — School Land Leases — Reservation of Oil and Gas Rights.**
In leasing school lands of the state for agricultural purposes. the state reserves to itself, its lessees and grantees, under section 7196, Rev. Laws 1910, the right of entry to drill and operate oil and gas wells on such premises.

2. **Same—Damage to Surface from Oil and Gas Operations—Assessment.**
Where the lessee of the surface interest of school land leased for agricultural purposes and the lessee of the state under an oil and gas mining lease are unable to agree on the damages sustained by such surface lessee, the same may be assessed under the procedure provided for in section 1400, Rev. Laws 1910, for the assessment of damages in case of condemnation for railway purposes.

3. **Injunction — Contemplated Injury—Adequate Remedy at Law.**
Where the alleged contemplated injury is such that can be fully compensated in money damage, and the defendants are solvent, and the plaintiff has a speedy and adequate remedy at law, a temporary injunction should not be granted.

Error from District Court, Payne County, A. H. Huston, Judge.

Action for injunction by J. P. Long against the Roma Oil Company and others. Judgment for plaintiff, and defendants bring error. Reversed, and cause remanded, with direction to dissolve the temporary injunction.

Robt. A. Lowry and Stuart, Cruce & Riddle, for plaintiffs in error.

Burdick & Wilcox and Clark & Armstrong, for defendant in error.

OWEN, J. This action was brought by J. P. Long, in the district court of Payne county, to enjoin the Roma Oil Company from prospecting for oil and gas upon certain school lands belonging to the state and held by him as lessee under an agricultural lease. The oil company, claiming the right to prospect and develop the premises under an oil and gas mining lease made by the commissioners of the land office on the 14th day of August, 1912, entered upon the premises and were proceeding to drill for oil when a restraining order was issued. Upon hearing, a temporary injunction was granted enjoining further operation or development under the oil and gas mining lease. Long was in possession of the premises under an agricultural lease entered into with the commissioners of the land office on the first day of March, 1916. This was a renewal of a lease entered into on the 1st day of June, 1910.

The question for consideration is whether the oil company had the right to enter without the consent of the surface lessee and pro-

ceed to develop the premises under the oil and gas mining lease. Section 7201, Rev. Laws 1910, provides that, where the lessee of the surface interest and the lessee of the oil and gas interest are unable to agree upon the damage sustained by the surface lessee, the same may be assessed in the manner and under the procedure provided for the assessment of damage and compensation to the owner of the fee in case of condemnation for railway purposes. The procedure prescribed for condemnation for railway purposes is found in section 1400 of this statute. That section provides that, when the owner of the fee refuses to grant a right of way to a railway company, the same may be condemned under the law of eminent domain, and prescribes the procedure in the district court for the selection of three disinterested freeholders to view the premises and assess the damages. It is contended by counsel for Long that under this procedure the oil company had no right to enter upon the premises until after the condemnation proceedings had been had, the damages assessed, and paid to Long. Under the provisions of section 1400, the railway company has no right to enter the premises until after the condemnation, if the owner refuses to grant the right of way. That provision of the section has no application here, for the reason that the state, the holder of the fee, in granting the agricultural lease, under the provisions of section 7196 of the statute, expressly reserved the right of way to enter upon the premises to drill and operate for oil and gas. Section 7195 of this statute requires the commissioners of the land office to segregate the oil and gas deposits from the surface use. Section 7196 expressly provides that agricultural leases of any surface interest in such segregated lands shall reserve to the state. its lessees and assignees, the right to enter and drill and operate oil and gas wells. This severance is complete for all legal and practical purposes, and this act was in effect when the lease under which Long claims was entered into by the commissioners of the land office. Being the law of the state this reservation became part of the lease at the time of its execution. The lessees made their contracts with a common lessor; one taking the surface right, the other the right to prospect and develop for oil and gas. This court held, in the case of Barker v. Campbell-Ratcliff Co., 64 Okla. 249, 167 Pac. 468, L. R. A. 1918A, 487, that, where the right to prospect and develop for oil and gas had been reserved, possession of the surface right 'was not adverse to the right to enter upon the premises and prospect for

oil and gas. Long had possession of the surface for agricultural purposes only. The right to enter and prospect for oil and gas was reserved to his lessor by statute. The oil company, as the lessee of the state, had the right of way to enter and prospect under section 7196 of the statute. Therefore the provision of section 1400 relating to the right to enter does not apply. This is a right to be exercised with due regard to the owner of the surface, and its exercise will be restrained within proper limits by a court of equity, if this becomes necessary; but, subject to this limitation, it is a right growing out of the leases made by the common grantor, and the impossibility of reaching the oil and gas in any other manner. In the case of Kemmerer v. Midland Oil & Drilling Co., 229 Fed. 872, 144 C. C. A. 154, it was held in the absence of statute the owner of land in fee, who leased the surface right without reservation, had a right to drill through the surface for oil and gas, and might convey that right to another. In the case of Chartiers Block Coal Co. v. Mellon, 152 Pa. 286, 25 Atl. 597, 18 L. R. A. 702, 34 Am. St. Rep. 645, it was held, where the owner of a tract conveyed the coal beneath his tract, without reservation of the right of way through the coal to explore for oil and gas, that the right of access to oil and gas existed, and the owner of the coal could not rightfully procure a temporary injunction to restrain the oil and gas lessee from boring through the coal, but would be left to his remedy at law for money damages. This case is cited with approval in the case of Telford v. Jenning Producing Co., 203 Fed. 456, 121 C. C. A. 516.

The procedure provided for in section 7201 of the statute refers to the method of assessing the damages, and not to the right of entry. The purpose of this statute is to provide an adequate remedy for the assessment of the damages when the same cannot be agreed upon. To hold that the oil company had no right of entry until after all possible contingent damages may be agreed upon, or until after the same have been ascertained by condemnation proceedings, would be to ignore the provisions of section 7196 of the statute reserving this right to the state. We must construe the various sections of the statute law of the state so as to give full force and effect to each section. Matthews v. Rucker, 69 Oklahoma, 170 Pac. 492; K. C. So. Ry. Co. v. Wallace, 38 Okla. 233, 132 Pac. 908, 46 L. R. A. (N. S.) 112.

The remedy afforded for the injury is money damages, and ordinarily if such damages constitute an adequate compensation for injury, threatened or inflicted, and the defendant is solvent, equity will not interfere by injunction. Bracken v. Stone, 20 Okla. 613, 95 Pac. 236; Marshall v. Homier, 13 Okla. 264, 74 Pac. 368; 22 Cyc. 771. There is no contention that the oil company was insolvent or unable to respond to any damages that might be sustained by the surface lessee.

The interest of the surface lessee is protected by the terms of the statute making the oil and gas lessee liable and providing an adequate remedy for the assessment · of all damages sustained.

The judgment is reversed, and the cause remanded, with directions to dissolve the temporary injunction.

All the Justices concur, except TURNER and BRETT, JJ., not participating.