### SUNDERLAND et al. v. BISHOP.

No. 13539—Opinion Filed June 17, 1924.

**1. Injunction—Protection of Possession of Land.**

Equity will protect the possession of real estate by the granting of a temporary injunction, where the facts show possession in one, and an attempt by the other to forcibly interfere with such possession and commit trespass with damages, without reference to the solvency of the parties, and such possession will be protected until final hearing.

**2. Same—Right to Relief.**

In an action to enjoin trespass upon land, proof of prior possession and the planting of crops by the plaintiff are sufficient to entitle him to relief until the right to possession has been determined.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by G. W. Bishop against J. W. Sunderland et al. Judgment for plaintiff, and defendants appeal. Affirmed.

Thompson & Wilson and Thompson & Springer, for plaintiffs in error.

Rogers & Jones, for defendant in error.

Opinion by RUTH, C. This action was instituted by defendant in error for injunction and to quiet title to lands, claimed by plaintiffs in error, defendants below, under a lease, and for convenience the parties will be designated as they appeared in the lower court.

Plaintiff's petition alleges one Flossie Baker owned certain lands, and on February 28, 1921, she leased the same to the plaintiff for a period of one year beginning January 1, 1922, and the lease was duly recorded. That during the year 1921, the plaintiff was in quiet and undisputed possession of the premises as a tenant of J. W. Sunderland, the defendant herein. That, relying on his lease with the owner of the premises, he sowed crops on the land; that the defendants claim some interest in the land, the exact nature of which is to the plaintiff unknown; that defendants have taken possession of the land and are interfering with plaintiff in the care of the crops so planted. That plaintiff should cut and harvest his crops before June 1, 1922, but cannot do so because of the interference by the defendants.

Plaintiff alleges in paragraph six of his petition as follows:

"That this plaintiff has no adequate remedy at law; that the defendants and each of them claim by, through, or under the said Flossie Baker, and that by reason of said fact this plaintiff is unable to maintain an action in forcible entry and detainer, and that this plaintiff cannot recover in any action at law in sufficient time to save and protect the said crops and that there is great danger that this plaintiff will be irreparably damaged if the said defendants are permitted to continue to interfere with the occupation of said premises by this plaintiff, that this plaintiff owns and is in quiet possession of neighboring property which cannot be profitably managed without possession of the premises described in said lease."

Upon this petition plaintiff prays for a temporary injunction, restraining defendants from trespassing on the land or interfering with his possession, and that the leasehold for the year 1922 be declared in the plaintiff.

The cause came on for hearing May 29, 1922, and upon the application for a temporary injunction, and plaintiff offered the verified petition in evidence and the same was admitted over objection of the defendant and exception noted, and thereupon plaintiff rested his case. The defendant introduced evidence disclosing defendant had been a tenant, and in possession of the land for some years under written lease executed by the owner, Flossie Baker; that he so held the land during 1921; and on January

17, 1921, defendant Sunderland subleased the land of plaintiff; which sublease contained a proviso reciting that if Sunderland obtained the right of possession for the year 1922 the plaintiff had the option of subleasing from Sunderland for the year 1922. It further appears from the evidence that defendant told the plaintiff, he, defendant, had an oral agreement of lease for the year 1922, which was to be reduced to writing, and on February 1st, this oral agreement for possession of the land was reduced to writing and appears in the record as a written lease, duly executed, but never filed for record, and 27 days from the due execution of the lease from the owner to the defendant, or on to wit, February 28, 1921, the plaintiff entered into a written lease with the owner, for possession of the lands for the year 1922, and at the time plaintiff took his lease from the owner, he knew his immediate landlord, Sunderland, defendant herein, had secured a written lease for the year 1922. At the conclusion of the testimony the court granted a temporary injunction. Motion to dissolve the same was filed and overruled and defendant appeals. Defendant presents to this court five specifications of error all of which upon this record may be considered under three propositions:

"(1) On the face of the petition it is disclosed that the only injury or damage that might be suffered by the plaintiff was the labor expended in preparing the land and planting the crop, plus the cost of seed, or in any event, the plaintiff's injury could not exceed the value of the matured crop less cost of planting, harvesting, and marketing the same and may be fully compensated in money damages.

"(2) Although plaintiff avers that there is great danger of irreparable injury if defendants are not enjoined from interfering with his possession of the land, he alleges no facts by which the court may determine that irremediable mischief may flow from the acts of the defendants.

"(3) The petition does not allege that defendants were insolvent and could not respond in damages, and there is no suggestion anywhere in the record that they were not fully able financially to so respond, and for this reason the petition is fatally defective."

In support of these propositions the defendants rely upon the following cases as authorities in the instant case:

"Where, in an injunction, the alleged injury is such that it can be compensated in money damages and the defendants are unquestionably solvent, the injunction should not be granted, but plaintiffs should be left to their remedy for damages." Marshall v. Homer, 13 Okla. 264, 74 Pac. 368; Harris et al. v. Smiley, 36 Okla. 89, 128 Pac. 276.

"The averment of irreparable injury in a bill is futile, in the absence of allegations of facts from which the court can see that irremediable mischief may be reasonably apprehended from the threatening wrong." Indian Land Trust Co. v. Schoefelt, 135 Fed. 484; Mechanics Foundry v. Ryall, 75 Cal. 601, 17 Pac. 703; McHenry v. Jewett, 90 N. Y. 58; 1 High on Injunction, sec. 722; Beach on Injunction, sec. 34, Roma Oil Co. et al. v. Long, 68 Okla. 267, 173 Pac. 957; Gvosdanovie v. Harris et al., 38 Okla. 787, 134 Pac. 28.

In Crutcher v. Johnstone, 62 Okla. 92, 162 Pac. 201, this court said:

"The petition neither alleges that an irreparable injury will be done this plaintiff nor that the defendant is insolvent and unable to respond in damages. If the defendant is solvent then in the instant case the plaintiff has a remedy at law. To warrant a court of equity to grant an injunction the facts stated in the petition should show that an irreparable injury will be done this plaintiff, 22 Cyc. 762; Noble State Bank v. Haskell, 22 Okla. 48, 97 Pac. 590. Or, furthermore, it should be shown that the defendant is insolvent and unable to respond in damages."

An examination of the cases cited and relied upon discloses a state of facts wholly at variance with the facts in the instant case, and while the rule therein is correctly stated as a general proposition of law, specific instances may render the rule inapplicable. In the instant case the plaintiff was for the year 1921 unquestionably in the quiet, undisputed, and lawful possession of the lands, and remained in possession during 1922, or until his quiet possession for 1922 was interrupted by the acts of the defendants, and thus possession for 1922 was acquired by virtue of a lease duly executed by the owner of the land and duly filed of record in the office of the county clerk, while defendant's claim was merely based upon an unrecorded lease executed by the owner, and defendant was not in possession of the land, and where the plaintiff is in possession of the land, equity will not permit one out of possession to take the law into his own hands, and by force wrest possession of the property from the plaintiff and then be heard to say that plaintiff must resort to an action at law for possession for every trespass committed; for in such situation plaintiff is entitled to appeal to a court of equity to protect his possession by injunctive relief without regard to the question whether the defendant is insolvent or not.

In Deskins et al. v. Rogers, 72 Okla. 274,

180 Pac. 691, Hardy, C. J., speaking for this court, said:

"A person in possession ought not to be harassed and annoyed by being required to bring a new suit every day to oust a trespasser from possession as long as he persists in trespassing upon the premises in controversy, for the day has passed when a wrongdoer may repeatedly trespass upon real estate in the possession of another and threaten to continue indefinitely such wrongful acts, and not feel the restraining hand of equity simply because he may be financially able to make reparation at the end of numerous lawsuits for the wrong committed according to the measure of damages which the rules of law prescribe. Under such circumstances, the party in possession has no adequate remedy at law. It may be true that for a single act or a single trespass the law will afford adequate relief, but where repetitions thereof are threatened and the injuries which follow such trespass are irreparable, injunction will ordinarily issue. 1 Joyce on Injunc. sec. 523; 5 Pom. Eq. Jur., p. 829 sec. 492; 22 Cyc. 836; 14 R. C. L., sec. 158, p. 457; O'Brien v. Murphy, 189 Mass. 355. 75 N. E. 700; Edwards v. Haeger, 180 Ill. 99, 54 N. E. 176; Colliton v. Oxborough, 86 Minn. 361 90 N. W. 793; Baldwin v. Fisher et al., 110 Minn. 186, 124 N. W. 1094; Cobb v. Atl. Coast Line R. Co., 172 N. C. 58, 89 S. E. 807; Moore & Co. v. Daugherty et al., 146 Ga. 176, 91 S. E. 14; Metropolitan Land Co. v. Manning, 98 Mo. App. 248. 71 S. W. 696."

The rule in the Deskins Case, supra, has very recently been approved by this court in Midland Valley R. Co. v. Imler et al., 101 Okla. 298, 225 Pac. 919, wherein Mr. Justice Warren for the court said:

"This court has consistently held that it will protect the possession of real estate by temporary injunction, where forcible possession is sought to be taken under claim of adverse title preserving the peaceable possession until the final determination of the suit." Citing Glasco v. School Dist., 24 Okla. 236, 103 Pac. 687; Murphy v. Fitch, 35 Okla. 364, 130 Pac. 298; Deskins v. Rogers, 72 Okla. 274, 180 Pac. 691.

In the case at bar there is no question of the plaintiff's lawful possession during the year 1921, as he leased from the defendant and plaintiff secured the lease for 1922 from the owner, and proceeded to plant crops. No hardship could be imposed upon the defendant by enjoining him from harassing and annoying the plaintiff until his crops were fully matured, harvested, and marketed, and the rights of the parties may be fully determined before a court of competent jurisdiction in a proper proceeding instituted for that purpose.

Finding no error in the judgment appealed from, the judgment of the court below, for the reasons herein stated, should in all matters be affirmed.

By the Court: It is so ordered.