BAKER et al v. LLOYD.

No. 32497.　Jan. 21, 1947.

Rehearing Denied April 29, 1947.

179 P. 2d 913.

G. C. Abernathy and Kenneth Abernathy, both of Shawnee, for plaintiffs in error.

Emmons Arrington, of Shawnee, for defendant in error.

HURST, C.J.   H. A. Lloyd sued the defendant Ernest Baker, doing a wholesale mercantile business under the name of Baker & Company, and the defendant Roy Flinchum, constable, to enjoin the levy of executions issued out of the justice court upon a stock of groceries and the sale of same. From a judgment in favor of the plaintiff, the defendants appeal.

In his petition, filed June 14, 1945, and the amendment thereto, the plaintiff alleged that he owned a stock of groceries located at 418 East Main street in the city of Shawnee; that the defendant Baker & Company has obtained no judgment against him; that on June 13, 1945, Baker & Company caused an execution to issue out of the justice of the peace court, which was placed in the hands of Flinchum, as constable, and that Flinchum levied upon his stock of groceries, locked the doors of the store, and started to invoice the goods; that he was compelled to make a trip from his residence in Dallas to Shawnee and to make a bond and employ an attorney; that the threatened acts are illegal and unless enjoined will work a great and irreparable injury to him, and that he has no adequate remedy at law. Plaintiff prayed that the defendants be permanently enjoined from levying upon or selling the stock of goods under the executions and that he have judgment for his attorney's fees and expenses.

On June 16, 1945, a temporary injunction was issued as prayed.

At the trial, plaintiff introduced evidence to the effect that he was the sole owner of the stock of groceries; that he advanced all the money used in opening and running the store; that before the store was opened, he advanced his brother $500 and about the time it was opened he gave him a check on a Dallas bank for an additional $400 and that he later made a deposit for $200. His testimony was corroborated by the introduction of the original check for $400 and the deposit slip for $200. The contract between H. A. Lloyd and J. E. Lloyd, dated March 15, 1945, reciting that H. A. Lloyd was the sole owner and that J. E. Lloyd was to operate the store on a percentage basis, was introduced in evidence. Both H. A. Lloyd and J. E. Lloyd testified that H. A. Lloyd was the sole owner of the business and that J. E. Lloyd was merely operating it for him. Plaintiff also introduced evidence to the effect that the judgments under which the executions were issued were rendered against J. E. Lloyd for merchandise furnished by Baker & Company to J. E. Lloyd while he was operating a grocery store known as Lloyd's Grocery, located first on Kickapoo street and later on Highland street, in the city of Shawnee, and that said store was closed about a year before the present suit was filed.

The defendants introduced evidence to the effect that the account for the store was first opened in the bank under the name of J. E. Lloyd, was thereafter changed to Lloyd's Food Market by J. E. Lloyd, and was later changed to Lloyd's Food Market by H. A. Lloyd, but that at all times J. E. Lloyd, as manager of the business, had authority to issue checks upon the account. H. A. Lloyd applied for ration points but was

unable to get them and they were procured by J. E. Lloyd. The defendants also introduced evidence to the effect that, in 1944, J. E. Lloyd bought an Oldsmobile car and that on May 23, 1945, H. A. Lloyd paid the balance due on the car and the two brothers had the title of the car placed in the name of H. A. Lloyd.

In the journal entry of judgment, the court made findings of fact to the effect that H. A. Lloyd was the owner of the stock of goods levied upon; that the judgments on which executions were issued were not for merchandise sold to Lloyd's Food Market but were for merchandise sold to J. E. Lloyd while he was operating Lloyd's Grocery; that J. E. Lloyd was the manager of Lloyd's Food Market, which was opened in March, 1945, and that to some extent the public understood that J. E. Lloyd was the owner; and that the threatened acts of levying upon and selling the stock of goods are illegal and would work an irreparable damage on the plaintiff and that plaintiff has no adequate remedy at law.

The defendants' argument may be disposed of under two propositions: (1) Did the petition state a cause of action for injunctive relief? and (2) Is the judgment clearly against the weight of the evidence?

1. The defendants contend that the petition does not state facts sufficient to constitute a cause of action for an injunction, for the reason that there is no allegation that the defendants were insolvent and there are no facts alleged showing that the plaintiff has no adequate remedy at law, but that the statement in the petition that the plaintiff has no adequate remedy at law is a mere conclusion. They rely upon Bracken v. Stone, 20 Okla. 613, 95 P. 236, Roma Oil Company v. Long, 68 Okla. 267, 173 P. 957, Dodson v. F. W. Woolworth Company, 118 Neb. 276, 224 N.W. 289, State v. Zuck, 67 Mont. 324, 215 P. 806, and 28 Am. Jur. 459. The defendants did not raise the sufficiency

of the petition in the trial court, but urge it for the first time in this court. This they are entitled to do, under 12 O.S. 1941 §269. However, in testing the sufficiency of the petition we will treat the petition as having been amended to conform to the proof introduced without objection. Rosser-Moon Furniture Company v. Harris, 191 Okla. 607, 131 P. 2d 1004.

The question, then, is whether, when the petition is liberally construed and is considered as having been amended to conform to the proof, the plaintiff alleges facts showing that he has no plain, speedy and adequate remedy at law.

It is not always necessary that insolvency of the defendant be alleged or established as a condition precedent to a right for injunctive relief. Sunderland v. Bishop, 100 Okla. 54, 227 P. 398; 28 Am. Jur. 255; 32 C.J. 63; 43 C.J.S. 453. The rule is that, despite the fact that the litigant has legal remedies, an injunction may issue to restrain a levy or sale under execution where the injury will be irreparable, such as where the property being levied upon has a peculiar value not capable of being fully compensated for in damages or where the measure of damages is so speculative that it would be difficult if not impossible to correctly arrive at the amount of the damages. 32 C.J. 53; 43 C.J.S. 447. This rule has been applied repeatedly in the case of the levy of an execution on a mercantile establishment which will prevent the carrying on of the business and will result in the loss of credit and in commercial ruin. 23 C.J. 557; 33 C.J.S. 356; Watson v. Sutherland, 18 L.Ed. 580; Sinsabaugh v. Dun, 214 Ill. 70, 73 N.E. 390; Sumner v. Crawford (Tex. Civ. App.) 41 S.W. 825; Sickels v. Combs, 32 N.Y.S. 181; Asiulewicz v. Pietrozewski, 220 Mich. 690, 190 N.W. 659; Haycock v. Tarver, 107 Ark. 458, 155 S.W. 918; Marshon v. Toohey, 38 Nev. 248, 148 P. 357.

The general rule is that anticipated profits of an *established* commercial business are too remote and speculative

to warrant a recovery for their loss. This rule, however, is not without exceptions. Wellington v. Spencer, 37 Okla. 461, 132 P. 675; Bokoshe Smokeless Coal Co. v. Bray, 55 Okla. 446, 155 P. 226; Prager's Paris Fashion v. Seidenback, 113 Okla. 271, 242 P. 260. We do not believe the exception would apply to the facts in this case where the business has been carried on only about two months and was not so well established as to be capable of proof of the elements necessary to establish loss of anticipated profits with any degree of certainty. 15 Am. Jur. 573; 25 C.J.S. 519; 17 C.J. 797. For this reason the remedy at law for recovery of damages would not be plain. The remedy to recover the specific property by a replevin action would not be adequate for the reason that the defendants could put up a redelivery bond and hold possession and thus keep the business closed. The remedy afforded by 39 O.S. 1941 §293 by trying the rights of property would not be adequate for the reason that pending the trial, no provision is made for opening and conducting the business. 43 C.J.S. 455.

We conclude that the petition as considered amended to conform to the proof stated a cause of action for injunctive relief.

2. The next question is whether the judgment is clearly against the weight of the evidence. This being an action of equitable cognizance (43 C.J.S. 405), we will not reverse the judgment unless it is found to be clearly against the weight of the evidence. Wood v. Reed, 196 Okla. 498, 166 P. 2d, 85. We have given a fair summary of the evidence above, and, after considering and weighing the evidence in the light of the rules of law above outlined, we are of the opinion, and hold, that the judgment is not clearly against the weight of the evidence.

Judgment affirmed.

OSBORN, BAYLESS, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.