[No. 5601. Decided September 15, 1905.]

E. L. OLWELL, *as Trustee in Bankruptcy of W. B. Littell,
Bankrupt, Appellant,* v. B. L. GORDON &
· COMPANY, *Respondent.*[1]

FRAUDULENT CONVEYANCES—SALE OF STOCK OF GOODS IN BULK—
CREDITORS. A sale of a stock of goods in bulk without taking a state-
ment of the names of, and amounts due to, creditors, is void as to
creditors, under Laws 1901, p. 222.

BANKRUPTCY—FRAUDULENTLY INSTITUTED BY VENDEE OF BANK-
RUPT—DEMAND FOR GOODS—DELAY. Where a fraudulent vendee of
a debtor, after losing the goods to the creditors, fraudulently insti-
tuted an involuntary bankruptcy proceeding against the debtor, in
which the creditors do not appear, and the trustee delays for more
than a year to make any demand for the value of the goods, nor
until it is too late for the creditors to file their claims, the trustee is
estopped to prosecute any action for the recovery of the value of the
goods.

Appeal from a judgment of the superior court for Spo-
kane county, Belt, J., entered October 4, 1904, upon find-
ings in favor of the defendant, after a trial on the merits
before the court without a jury, in an action by a trustee
in bankruptcy to recover of a creditor the value of a stock
of goods. Affirmed.

*H. A. P. Myers,* for appellant.
*Danson & Huneke,* for respondent.

MOUNT, C. J.—In November, 1901, W. E. Littell owned
a stock of goods in Davenport, this state, upon which stock
of goods he was indebted largely in excess of its value.
Shortly prior to December 7, 1901, said Littell sold said
stock of goods to Myers & Olwell, merchants at Davenport,
for $577.07. No affidavit showing the creditors of said

1Reported in 82 Pac. 180.

Littell was given or demanded. On December 7, 1901, the respondent, for itself and other creditors whose claims had been assigned to it, began an action against said Littell, and attached said stock of goods in the hands of Myers & Olwell. It was the intention of respondent to represent all the creditors of Littell, but by an oversight two creditors for small amounts were omitted. Thereafter in March, 1902, respondent obtained judgment against said Littell, and on April 9 said stock of goods was sold at sheriff's sale for $300 to one Brown, who immediately resold the same to said Myers & Olwell, for $350.

On December 14, 1901, Myers & Olwell began proceedings in involuntary bankruptcy against said Littell, in the United States district court, and on July 2, 1902, Littell was adjudged a bankrupt. Thereafter, on August 16, 1902, appellant was duly appointed a trustee of the bankrupt estate. Respondent and the creditors it represented did not appear in the bankruptcy proceeding, and filed no claims therein. On August 4, 1903, more than one year after the adjudication of bankruptcy, and after the time for filing proof of claims against the estate had expired, appellant brought this action to recover from respondent the value of the goods. Prior to the commencement of this action, the trustee in bankruptcy made no demand upon respondent for the return of the goods or their value.

Upon the trial the lower court found that the value of the goods sold under the judgment in the attachment proceedings was $300, and that the trustee in bankruptcy and Myers & Olwell and the said bankrupt Littell fraudulently conspired together and brought the bankruptcy proceeding for the purpose of defrauding the respondent, and, in order to carry out said fraudulent design and conspiracy, delayed for more than a year after the adjudication in bankruptcy to make demand of any kind for the said goods or their value, for the sole purpose of preventing the respondent

and other creditors from participating in any of the assets of said estate. For that reason the lower court dismissed the action. The trustee now prosecutes this appeal.

We think the judgment of the lower court must be sustained. The evidence contained in the record amply justifies the finding that the value of the goods at the time of the sale was but $300, and that, at the time of the sale by Littell to Myers & Olwell, there were numerous creditors whose claims against Littell for these very goods were largely in excess of the value thereof, and that appellant and Myers & Olwell designedly delayed notifying respondent to return the goods or pay the value thereof to the trustee, for the purpose of preventing respondent from filing claims in the bankruptcy estate. Myers & Olwell purchased the whole stock of goods in bulk without taking or demanding a statement of the names of creditors or the amount of indebtedness due such creditors. Such sale was fraudulent and void, under the act of March 16, 1901, Laws 1901, p. 222. The purchasers, as well as the seller, were parties to the fraud. After the goods had been attached upon the ground of fraud, the appellant and all the parties to the fraud then set about obtaining advantage of their wrong by bringing an action in bankruptcy, and making no demand for the possession of the goods, and making no request upon respondent to pay the amount of the value of the goods to the trustee, until the time had passed for the actual legitimate creditors of the estate to file claims and participate in the assets of the estate. The said Littell had no property except this stock of goods. Yet the appellant took no steps to obtain possession thereof, and made no request for the same for more than a year after the adjudication in bankruptcy, thereby leading the creditors who had received the same to believe that no demand would be made upon them for it. Respondent, at the time it brought the suit against Littell and attached the goods, in-

tended to represent all the creditors, but by an oversight two small claims were omitted. In its answer in this case, and at the trial, respondent offered to share *pro rata* with these two creditors omitted, so that all the legitimate creditors of the estate should share equally.

The object of the sales-in-bulk act, Laws 1901, p. 222, and the object of the United States bankruptcy law of 1898, was to conserve the estate of insolvent debtors to the creditors *pro rata.* It was not intended that these laws should be so applied as to work injustice or iniquity, which would be the result here if this appeal should be sustained. After the attempted sale by Littell to Myers & Olwell, respondent represented all the creditors. Therefore, under the sales-in-bulk law, respondent was entitled to the proceeds of the purchase price from Myers & Olwell to Littell. But under the proceedings which appellant now seeks to maintain, Myers & Olwell are to be classed as creditors by reason of their fraudulent purchase, and in addition thereto substantially the whole estate shall be distributed to them, to the exclusion of the creditors who are in justice entitled thereto. Under these facts, we think the appellant should be estopped to maintain the action.

The judgment is therefore affirmed.

FULLERTON, HADLEY, DUNBAR, and ROOT, JJ., concur.