[No. 5771. Decided November 22, 1905.]

FIRST NATIONAL BANK OF SEATTLE, *Respondent,* v. SAMUEL COLES, *Defendant,* J. B. MORFORD *et al., Appellants.*[1]

APPEAL—DISMISSAL—DEFECTIVE BOND. An appeal will not be dismissed for defects in the appeal bond in that the names of two of the sureties had been erased, presumably after signature by the other surety, where the objection was not raised below, and where the other surety is estopped to question the bond by the filing of a certificate that it signed the bond as sole surety.

APPEAL—FINDINGS—SUFFICIENCY—STATEMENT OF FACTS—REVIEW. No exceptions to findings of fact or conclusions of law are necessary where the sole question on appeal is whether the findings support the judgment.

FRAUDULENT CONVEYANCES—SALE OF OYSTER BUSINESS—KNOWLEDGE OF CREDITOR—LACHES—ESTOPPEL. Where after notice of the transfer of his debtor's stock of goods in bulk, fraudulent as to creditors for want of the statutory notice, a creditor makes no demand on the purchasers and waits for a year before attempting to reach the proceeds of the sale by garnishment, the debtor meanwhile becoming execution proof, the creditor is estopped to question the validity of the sale.

Appeal from a judgment of the superior court for King county, Albertson, J., entered February 15, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in a garnishment proceeding. Reversed.

*Hastings & Stedman* and *Troy & Falknor,* for appellants.
*J. W. Rayburn* and *Wiliam H. Brinker,* for respondent.

DUNBAR, J.—From November 30, 1902, to January 5, 1903, the defendant Samuel Coles was engaged in carrying on the business of buying and selling oysters, crabs, and fish, under the name and style of the "Waldrip Oyster Company," and had in his possession certain property, viz., one horse, one wagon, two sets of harness, one desk, chairs, and other

1Reported in 82 Pac. 892.

office furniture, which was used in carrying on the business. Prior to October 1, 1903, the plaintiff sued the defendant upon a promissory note, and on that day obtained judgment. On February 26, 1904, it sued out an execution upon this judgment, which was returned unsatisfied. On January 5, 1903, the garnishees Morford and Waldrip, appellants in this action, purchased from Coles the entire business of the Waldrip Oyster Company, including the good will of the business, together with all stock on hand, without taking from Coles, or demanding or receiving from him, a written statement, sworn to, giving the names and addresses of the creditors of Samuel Coles, or the amount of the indebtedness; and did not see to it that the purchase price paid by them to the said Samuel Coles was devoted to his creditors. After a fruitless attempt to recover on the judgment obtained against Coles, the plaintiff sought to subject defendant Coles' property, in the hands of the garnishees, to the payment of his debts, by proceeding against him by process of garnishment, and judgment was obtained against the garnishees in the sum of $784. From this judgment this appeal is taken.

The respondent moves to dismiss this appeal, for the reason that the bond is defective, in that it appears upon the face of the bond that the names of M. C. Simmons and John A. Campbell had been erased from the same by drawing two lines across each name, and it is contended that the presumption would be that the names were erased after the signature of the other surety, which was the Title Guaranty & Trust company of Scranton, Pennsylvania. This is a question which ought to have been raised in the court below, as it has reference to the sufficiency of the sureties; but, in addition to this, the surety, the Title Guaranty & Trust Company, would be estopped from raising this point in any event, for it has filed in this court a certificate to the effect that the erasures of the names of Simmons and Campbell were made with its knowledge, and before it became surety on the bond,

and that it executed the bond with the understanding and belief and knowledge that it was the sole and only surety thereupon.

It is also alleged that no exceptions were taken, saved, or filed to the findings of fact or conclusions of law made by the superior court or to the judgment therein, and that no statement of facts or bill of exceptions has been made, certified, or filed therein; and a lengthy argument is made in appellants' brief on this proposition. But this court has uniformly decided that, where the sole question to be determined in the case was whether or not the conclusions of law properly followed the facts as found by the court, no exceptions were necessary; and this is the only contention that is made by the appellants here, that the findings of fact do not justify the conclusions of law.

The court found, among other things, that in the summer of 1902 said Samuel Coles, for the purpose of building a gasoline launch, applied to the respondent for a loan of $1,000, telling the respondent the purpose for which the money was to be used, and obtained a loan of said $1,000, giving a series of notes, in the aggregate amounting to $1,000, to the respondent, signing said notes "The Waldrip Oyster Company, by Samuel Coles;" that said notes ran for ninety days and were renewed in the month of November, 1902, for ninety days additional, and in February, 1903, they were renewed again; at which time said Coles stated to respondent that he had sold his oyster business, and therefore could not renew the notes in the name of the Waldrip Oyster Company, and requested the respondent to take his individual notes in lieu of the Waldrip Oyster Company's notes, and the respondent stamped said Waldrip Oyster Company notes as paid and took notes in lieu thereof, signed by Samuel Coles, without any reference in said notes to the Waldrip Oyster Company; that said gasoline launch was retained by the said Samuel Coles, and not delivered to said Morford or Waldrip, or either of them. It is contended by

the appellants, and justly so, we think, that this action on the part of the respondent bank operated as an estoppel on its part. It allowed the notes to run for a year after the sale, with full knowledge of the sale, making no demand upon the garnishee defendants, thereby lulling them into a feeling of security in relation to their transaction with Coles; and it should not be allowed to wait that length of time and then attempt to hold these appellants liable, after Coles had become execution proof, as shown by the return on the execution which it had issued.

Our view on this proposition renders unnecessary the discussion of whether the property that Coles sold to the appellants was such property as was contemplated by the act of March 16, 1901, in relation to sales-in-bulk. The judgment will be reversed, and the action dismissed as to the appellants.

MOUNT, C. J., HADLEY, FULLERTON, RUDKIN, CROW, and ROOT, JJ., concur.