### JOHNSTON *et al.* v. CHAPMAN *et al.*

No. 2642. Opinion Filed April 22, 1913.

(131 Pac. 1076.)

1. **PLEADING—Objection—Evidence.** Where the sufficiency of a petition is challenged solely by an objection to the introduction of evidence thereunder, such objection, not being favored by the courts, should generally be overruled, unless there is a total failure to allege some matters essential to the relief sought, and should seldom, if ever, be sustained when the allegations are simply incomplete, indefinite, or conclusions of law.

2. **SUFFICIENCY OF EVIDENCE.** Evidence examined, and **held** sufficient to support the verdict and judgment rendered thereon.

(Syllabus by the Court.)

*Error from County Court, Washington County;*
*A. T. Dumenil, Judge.*

Action by A. Chapman and another against H. G. Johnston and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

*Veasey & Rowland* and *J. D. Talbott,* for plaintiffs in error.
*J. R. Charlton* and *A. F. Vandeventer,* for defendants in error.

KANE, J. This was an action upon an account stated, commenced by the defendants in error, plaintiffs below, against the plaintiffs in error, defendants below. Upon trial to a jury there was a verdict for the plaintiffs, upon which judgment was rendered, to reverse which this proceeding in error was commenced.

The first assignment of error is to the effect that the court erred in overruling an objection to the introduction of any testimony, upon the ground that the petition does not state facts sufficient to constitute a cause of action. After setting out the allegation claimed to be defective counsel say: "This is merely the statement of a conclusion by the pleader." In *Hogan v. Bailey*, 27 Okla. 15, 110 Pac. 890, it was held that, "where the sufficiency of a petition is challenged solely by an objection to the introduction of evidence thereunder, such objection, not being favored by the courts, should generally be overruled, unless there is a total failure to allege some matters essential to the relief sought, and should seldom, if ever, be sustained when the allegations are simply incomplete, indefinite or conclusions of law." To the same effect is *Marshall et al. v. Homier et al.*, 13 Okla. 264, 74 Pac. 368.

The next assignment of error is to the effect that the court erred in overruling the demurrer to the evidence. We have examined the record, and are of the opinion that the evidence reasonably supports the verdict of the jury.

Other contentions advanced in the brief of plaintiffs in error have been considered, and found so far untenable that their discussion will serve no useful purpose. The judgment of the court below is affirmed.

All the Justices concur.