## FIRST BANK OF TEXOLA v. TERRELL.

No. 3492.  Opinion Filed December 8, 1914.

Rehearing Denied January 30, 1915.

(145 Pac. 1140.)

1.  **ATTACHMENT—Motion  to  Dissolve — Objection — Waiver.**
Where there has been a trial, and no objection has been made to the sufficiency of a motion or affidavit to dissolve an attachment, either by demurrer or motion, an objection to the introduction of evidence in support of the motion, on the ground that it does not put in issue or traverse the grounds laid in the affidavit for attachment, will be sustained only

when the allegations of the traversing affidavit wholly fail to deny the grounds of attachment.

2. SAME—**Traversing Affidavit—Sufficiency.** Where the traversing affidavit is in the conjunctive, and is laid in the present tense, its legal sufficiency should be tested either by motion or demurrer, and not alone by mere objection to the introduction of testimony.

3. PLEADING—**Defense—Estoppel—Waiver.** While, as a general rule, estoppel or waiver must be pleaded, failure to do so may be waived by plaintiff by proceeding with the trial of the case without objection, as though the defense relied on had been pleaded.

4. FRAUDULENT CONVEYANCES — **Bulk Sales — Compliance With Statute—Right to Object—Waiver.** Where the owner of a stock of merchandise, in good faith, and for a fair consideration placed in escrow during the consummation of a transfer of such stock, proceeds to comply with the provisions of the Bulk Sales Act (section 2903, Rev. Laws 1910), and furnishes a list of his creditors to the representative of the purchasers, which list complies substantially with the requirements of the statute, but where the notice given the creditors was signed by the transferror instead of the transferees, a resident creditor, who receives such notice with knowledge of all the facts connected with the proposed sale, and who assents thereto, waives any objection he might otherwise have to a strict compliance with the statute, and is estopped from thereafter, and within the ten-day period named in the statute, attaching the stock of goods, on the ground that the seller has not fully complied with the statute.

(Syllabus by Sharp, C.)

*Error from District Court, Beckham County;*

*G. A. Brown, Judge.*

Action by the First Bank of Texola against William Terrell. From the judgment, plaintiff brings error. Affirmed.

*T. Reginald Wise,* for plaintiff in error.

*Echols & Merrill,* for defendant in error.

Opinion by SHARP, C. On January 31, 1911, the plaintiff bank brought its action in the district court of Beckham county, to recover judgment of the defendant, Terrell, in the sum of $3,500, together with interest and attorney fees, and at the same

time procured the issuance of an order of attachment, under authority of which a levy was subsequently made upon a stock of merchandise alleged to be the property of said defendant, Terrell, and at the time located in the town of Texola. Thereafter the said defendant filed his verified motion to discharge the attachment, which upon trial was sustained by the court. Said order discharging the attachment being excepted to, plaintiff has brought the case to this court for review. The affidavit for attachment charged two grounds: (1) That the defendant is about to convert his property or a part thereof into money for the purpose of placing it beyond the reach of his creditors; (2) that the defendant has assigned, removed, or disposed of, or is about to dispose of, his property or a part thereof, with the intent to defraud, hinder, or delay his creditors.

It is urged with much ability that the traversing affidavit of the defendant is insufficient, and did not deny both or either of the grounds for attachment, on account of the fact that the denial was in the conjunctive, and was laid in the present tense. The only objection made at the trial to the sufficiency of the traversing affidavit was upon the introduction of evidence, and arose as follows: The case coming on to be heard on motion to discharge the attachment, counsel for defendant requested the court to order and direct that the burden of proof under the pleadings was on the plaintiff. This the court refused to do, but, on the other hand, held that, under the allegations of the motion, the burden of proof was upon the defendant, and so ordered. Upon the defendant being placed upon the stand and interrogated by his counsel, plaintiff's counsel made the following objection:

"Comes now the plaintiff and objects to the introduction of any oral testimony in this action on the part of the defendant for the reason that the motion to dissolve the attachment is not verified, and does not put in issue any facts, and for the further reason that oral testimony is not admissible on the part of the defendant."

No other form of objection to the sufficiency of the motion to dissolve the attachment was at any time offered. Ordinarily

when an attachment is procured by a plaintiff, and the defendant moves to dissolve it on any legal grounds, and supports his motion by affidavit as here, the burden of proof rests upon the plaintiff to maintain the ground of attachment as laid in his affidavit, by the preponderance of the evidence. *Williams v. Farmers' Grain & Gin Co.,* 13 Okla. 5, 76 Pac. 269; *Dunn v. Claunc et al.,* 13 Okla. 577, 76 Pac. 143. The question of testing the legal sufficiency of a pleading by an objection to the introduction of evidence has frequently been before this court, and the rule is well established that, where the sufficiency of a pleading is challenged solely by an objection to the introduction of evidence thereunder, such objection, not being favored by the court, should generally be overruled, unless there is a total failure to allege some matters essential to the relief sought, and should seldom, if ever, be sustained when the allegations are simply incomplete, indefinite, or conclusions of law. *Marshall v. Homier et al.,* 13 Okla. 264, 74 Pac. 368; *First Nat. Bank v. Cochran,* 17 Okla. 538, 87 Pac. 855; *Hogan et al. v. Bailey,* 27 Okla. 15, 110 Pac. 890; *M., O. & G. Ry. Co. v. McClellan,* 35 Okla. 609, 130 Pac. 916; *Johnston et al. v. Chapman,* 38 Okla. 42, 131 Pac. 1076; *Abbott et al. v. Dingus, ante,* 145 Pac. 365. The same rule has been observed by the Supreme Court of Kansas in a long line of decisions, among which are *Mitchell v. Milhoan,* 11 Kan. 617; *Union Street R. Co. v. Stone,* 54 Kan. 83, 37 Pac. 1012. It is obvious that it was the purpose of the motion to put in issue the grounds of attachment, as alleged in plaintiff's affidavit; and though it be doubtful if the motion be technically sufficient, had it been attacked by demurrer or motion, yet when the only objection that was made to its sufficiency was raised in the manner indicated, and where, in addition, the court ordered the defendant to assume the burden of proof upon the attachment issue, it is obvious that no reversible error was committed. In *Barkley et al. v. State,* 15 Kan. 100, it was held that where the question of the sufficiency of a petition is raised for the first time by an objection to the introduction of any evidence under it, and not raised otherwise, the courts will always construe the allegations of a petition very lib-

erally, so as to sustain the petition if it can be sustained; and if anything should intervene between the filing of the petition and the final rendering of the judgment, which could by a fair and reasonable intendment be construed to cure the defective allegations of the petition, the courts will hold that such defective allegations are thereby cured. In the course of the opinion the court said: .

"But even if correct, and the allegations necessary, still the defective allegations of the petition were cured by the evidence, findings, and judgment."

Treating the traversing affidavit as containing a negative pregnant, the rule announced would apply with equal force; it not appearing that plaintiff had been misled to its injury on account of the manner in which the denial had been drawn. *Hershey v. O'Neill* (C. C.) 36 Fed. 168; 31 Cyc. 203. Obviously the action of the court in overruling the plaintiff's objection did not constitute error.

Did the court err in entering judgment dissolving the attachment? This is the sole remaining question for our consideration. Prior to the date of the controversy between the parties hereto, the defendant in error, Terrell, was the owner of a stock of merchandise in the town of Texola, and in January, 1911, it appears, was financially embarrassed, though not insolvent. His indebtedness was owing largely to various mercantile houses and to the First Bank of Texola. Various plans for raising funds with which to pay off or reduce his indebtedness having failed, in said month of January, one Ernest H. Maupin, credit man of Blair-Hughes & Co., one of Terrell's creditors, procured a firm of merchants, named Dugger & Cotton, to purchase the Terrell stock of merchandise at the agreed price of 66 2-3 cents on the dollar. The stock was invoiced and notices sent out to Terrell's creditors in an attempt to comply with the bulk sales statute (section 2903, Rev. Laws 1910), one of the notices having been sent to and received by the bank. The form of notice addressed to the creditors, besides being signed by the transferror, was in other respects informal, and perhaps legally insufficient, when

tested by the statutory requirements. It was upon this fact alone that plaintiff sought to sustain its attachment. Conceding, therefore, that the notice received, by the attaching creditor was not in such form as the statute prescribes, and that an attempt was made by Terrell to dispose of his stock of merchandise, does it necessarily follow, under the facts of the present case, that such failure to comply with the statute furnished sufficient evidence to sustain the grounds laid in plaintiff's affidavit for attachment? It was the evident purpose of the Legislature, in enacting the socalled bulk sales law, to provide protection for creditors against the class of sales which were frequently fraudulent, and which left creditors with no means of collecting what was due them. *Williams v. Fourth Nat. Bank,* 15 Okla. 477, 82 Pac. 496, 2 L. R. A. (N. S.) 334, 6 Ann. Cas. 970; *Fisher v. Herrmann,* 118 Wis. 424, 95 N. W. 392; *Walp v. Mooar,* 76 Conn. 515, 57 Atl. 277; *McDaniels v. J. J. Connelly Shoe Co.,* 30 Wash. 549, 71 Pac. 37, 60 L. R. A. 947, 94 Am. St. Rep. 889; *Squire & Co. v. Tellier,* 185 Mass. 18, 69 N. E. 312, 102 Am. St. Rep. 322; *Neas v. Borches,* 109 Tenn. 398, 71 S. W. 50, 97 Am. St. Rep. 851; *Spurr v. Travis,* 145 Mich. 721, 108 N. W. 1090, 116 Am. St. Rep. 330, 9 Ann. Cas. 250.

The sale, under the evidence, was of a character clearly within the provisions of the statute. Its requirements are therefore mandatory and controlling, unless it be that the provisions thereof were waived by the attaching bank, or that, by its conduct in the premises, it so conducted itself as to be estopped from attacking the transfer. It is insisted by counsel for plaintiff in error that defendant, having pleaded neither a waiver nor estoppel, was not entitled to offer evidence thereof. It is a rule well supported by authorities that a waiver cannot be proved unless it is within the issues made by the pleadings; and, where the facts constituting a waiver are relied upon as an estoppel, they must be specially pleaded. *Cooper v. Flesner,* 24 Okla. 47, 103 Pac. 1016, 23 L. R. A. (N. S.) 1180, 20 Ann. Cas. 29; *Deming Inv. Co. v. Shawnee Fire Ins. Co.,* 16 Okla. 1, 83 Pac. 918, 4 L. R. A. (N. S.) 607; *Nance v. Oklahoma Fire Ins. Co.,* 31 Okla. 208, 120

Pac. 948, 38 L. R. A. (N. S.) 426. From an examination of the evidence, however, we fail to find where plaintiff offered any objection to the evidence tending to prove either an estoppel or waiver on its part, but that, on the other hand, all such evidence was introduced without objection. It is therefore too late to raise the objection for the first time in this court, *Hanson v. Buckner's Ex'r*, 4 Dana, 251, 29 Am. Dec. 401; *McDonnell v. De Soto Sav. & Bldg. Ass'n*, 175 Mo. 250, 75 S. W. 438, 97 Am. St. Rep. 529; *Alderson v. Marshall*, 7 Mont. 288, 16 Pac. 576; *Capital Lbr. Co. v. Barth et al.*, 33 Mont. 94, 81 Pac. 904.

It cannot successfully be controverted that much of the evidence introduced, and to which no objection was made, was offered for the express purpose of proving an estoppel; in fact, was inadmissible for any other purpose. Our conclusion, therefore, is not in conflict with the rule that the failure to object to the introduction of evidence competent or offered for a particular purpose, is not a waiver of an objection to its use for a purpose for which it is incompetent or was not offered. The collection of the Terrell note was in the hands of Ira Speed, the bank's president. The condition of Terrell's affairs, and the proposed purchase by Dugger & Cotton, were at the time known to Speed and the sale consented to by him. He had been told by Terrell that notice would have to be given to the former's creditors, as provided by the bulk sales law, before the sale would be consummated, and before the purchase price could be paid out to the creditors. Dugger & Cotton had not theretofore been engaged in business in Texola, and Speed requested Terrell to try and have them transact their banking business with the plaintiff bank. The proceeds of the daily sales of Dugger & Cotton were deposited in said bank, which was located immediately across the street from the store. Being asked concerning the sale, Speed testified that he was familiar with the terms of the sale, and that the testimony of the witnesses for the defendant offered at the trial, including Terrell and Maupin, was true. Speed was consulted with on different occasions, pertaining to the sale, and ad-

mitted receiving a notice of the proposed sale about a week before the attachment proceeding was instituted. No complaint was made by him of the proposed sale; his only objection being that he wanted some form of security or assurance from Maupin that the latter would secure the bank's claim over and above its share in the proceeds of the sale of the stock. He admitted further that by the sale the bank would be able to collect over $2,000, and that at his solicitation the proposed purchasers opened an account at his bank. Dugger & Cotton had deposited with Maupin a check and notes in payment of the purchase price of $5,155.80. These were to be kept by Maupin until the sale was finally consummated, with the specific understanding of all the parties, as found by the trial court, "that the check and these two notes realized from the sale were to be held by Mr. Maupin for the purpose of being distributed among his creditors and his creditors only." Speed, it appears, was distrustful of Maupin, though there is nothing in the evidence warranting his skepticism. It is further said by the trial court:

"Mr. Speed says himself that he understood that the proceeds of this sale was to be distributed among the creditors. What he wanted to be sure of was that he would get his pro rata share with the others. He did not doubt but that the proceeds of the sale was for the benefit of the creditors. It was only the portion that he was to get that he was uneasy about. * * * The fear that he had in his mind was that he understood Mr. Maupin was to guarantee to him that he would get from $2,500 to $2,800, and that Mr. Maupin was to write him a letter so stating."

As found by the court below, the good faith of the parties was abundantly shown. Everything, and more, that could have been accomplished by the most literal observation of the statute was known to the bank. Both a notice and list of creditors were furnished it; an unaddressed and unsigned copy of the former being in the language following:

"To ———: You are hereby notified as a creditor of William E. Terrell of Texola, Oklahoma, that the said William E. Terrell proposes to sell and transfer his stock of merchandise within ten days after the receipt of this notice by you to Dugger

and Cotton, and that the purchase by us of said stock of merchandise is in good faith for a fair consideration actually paid."

Maupin, acting for the purchasers, had, prior to the preparation and forwarding of the notices, obtained from Terrell a list containing the names and addresses of each and all of his creditors, which said list showed the amount owing each, and was sworn to by Terrell; no objection being made on that account to the list furnished. The only serious complaint made to the notice was that it was signed by the transferror and not by the transferees, as seemingly required by statute. As we are not resting this decision, however, upon the ground that the statute was in all respects complied with, it will be unnecessary to give further consideration to the effect that should be given to the notices sent out to creditors, and we have mentioned it more for purpose of showing an attempt to comply with the law, and the good faith of the parties, than for any other purpose. Counsel cite *Galbraith et al v. Oklahoma State Bnak,* 36 Ok'a. 808, 130 Pac. 541, as an authority holding that a transfer, without complying with the requirements of the statute, is conclusively presumed to be fraudulent as to a creditor of the transferror. The decision so holds, but it is not in point here, for the reason that in the present case there was no transfer, and for the additional reason that in *Galbraith v. Oklahoma State Bank, supra,* neither the question of waiver nor of estoppel was considered or involved. It was not intended that the statute under consideration should be so applied as to work injustice or inequity, which would be the result if plaintiff's contention should be sustained. To permit it thus to acquire an advantage by attachment proceedings based upon said proposed transfer, made in good faith, with full knowledge of all the facts connected with the proposed transfer, and to which it assented, would work a great wrong and open the door for fraud. This result should not be made possible by the courts, where the power to prevent it may be exercised. *Olwell v. B. L. Gordon & Co.,* 40 Wash. 185, 82 Pac. 180, *First Nat. Bank v. Coles et al.,* 40 Wash. 528, 82 Pac. 892; *Whitehouse v. Nelson,* 43 Wash. 174, 86 Pac. 174; *Porter v.*

*Goudzwaard,* 162 Mich. 158, 127 N. W. 295; *Coffey v. Mc-Gahey* (Mich.) 148 N. W. 356.

The plaintiff bank waived any right it may otherwise have had on account of the statute; and being present and thoroughly conversant with the terms and conditions of the proposed sale, and having received the notice of the intended transfer, and a list of the transferror's creditors, even though defective in form, it will not be permitted, on account of the failure of either its debtor or the proposed purchasers to comply literally with the statute, to levy an attachment upon the stock of goods intended to be transferred, upon the sole ground of a failure to comply with the statute in making the sale, and especially where the only objection to the transaction was an unwarranted suspicion or belief that some other creditor would receive a disproportionate share of the proceeds of the sale, and that the representative of the creditors would not give written assurance of the payment of the bank's note.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.