## PRYOR v. JENKINS et al.

No. 23698.   Jan. 29, 1935.

John T. Cooper, for plaintiff in error.

Joe B. Crockett, for defendants in error.

PER CURIAM. The plaintiff in error, J. H. Pryor, who was the plaintiff below, appealed to this court from an order and judgment of the superior court in and for Seminole county, sustaining the objections of the defendants in error, the defendants below, to the introduction of any evidence in said cause, on the ground that the petition did not state sufficient facts to constitute a cause of action against the defendants, or either of them, and in favor of the plaintiff.

Parties will be referred to as they appeared below. The plaintiff alleged in his petition that he filed a replevin action in the district court of Seminole county against one B. O. Morris, attaching copies of the affidavit in replevin and bond, and that pursuant thereto the sheriff took custody of certain property, and that thereafter the defendants therein made a redelivery bond, a copy of which was attached; that the defendants filed their answer therein, which was subsequently withdrawn, and judgment rendered in favor of the plaintiff for the return of said property, as set out in said replevin proceedings, attaching a copy of the journal entry of judgment; that after this replevin action was filed, and before judgment was rendered therein, a conference was had between the parties thereto, at which time there were present the defendants herein, who were sureties on the redelivery bond, and their attorney, at which time and place it was agreed that the property taken by the sheriff in the replevin action was to be invoiced in the presence of the defendants, which was accordingly done, and that part of the property was found missing, and that a written stipulation was made between the parties to the replevin action, in the presence of and agreed to by the defendants, agreeing that certain articles replevined were missing and said articles were listed and attached to said stipulation. A copy of said stipulation and list of articles missing was attached as exhibit. That the reasonable market value of the property missing when the invoice and agreement was made was $326.40, and that, by reason of said redelivery bond and said stipulation between the plaintiff and these defendants, they were indebted to him in said amount, for which the plaintiff asked judgment.

The stipulation was between the parties to the replevin action, and signed by them and "John T. Cooper, attorney for the plaintiff" in said action, and "Guy L. Trimble, attorney for the defendants" in said action, who, the plaintiff herein alleged in his petition, was also representing at that time and place the defendants herein.

The stipulation was by and between the parties to the replevin action, and the only reference it made to the defendants herein, who were at that time sureties on the redelivery bond, was:

"That the bondsmen on the redelivery bond shall be, and they are hereby released from further liability in said cause, **except that they shall be liable for the reasonable market value of all articles taken under writ of replevin which may be found to be missing when same shall be placed in storage. A list of said missing articles is hereto attached and filed herein.**"

To this petition the defendants filed their motion to make the plaintiff's petition more definite and certain, which said motion was by the court overruled. Thereafter, the defendants W. P. Jenkins and Bryan O'Niel filed their answer, G. R. Estes not being served with summons, to which the plaintiff filed his reply, and thereafter, with permission of the court, the defendants filed their amended answer, to which the plaintiff likewise filed his reply, stating, "Said defendants specifically agreed to pay for the property sued on in this cause."

The controlling question presented herein for this court's determination is whether or not the plaintiff's petition states facts

sufficient to constitute a cause of action in favor of plaintiff and against said defendants. The sufficiency of plaintiff's petition was challenged in the trial court by an objection to the introduction of evidence. For what particular reasons the trial court sustained the objections to the introduction of the evidence, we are not advised, and the briefs of the defendants in error give us but little light. In an unbroken line of decisions by this court we have held:

"Where the sufficiency of a petition is challenged solely by an objection to the introduction of evidence thereunder, such objection, not being favored by the courts, should generally be overruled, unless there is a total failure to allege some matter essential to the relief sought, and should seldom, if ever, be sustained when the allegations are simply incomplete, indefinite, or conclusions of law." Hogan et al. v. Bailey, 27 Okla. 15, 110 P. 890; Johnston v. Chapman, 38 Okla. 42, 131 P. 1076; Blackert v. Lankford, 74 Okla. 61, 176 P. 532; McKee v. Jolley, 72 Okla. 37, 178 P. 656.

"In the absence of a demurrer or motion, upon an objection to the introduction of evidence, the court should take into consideration all the pleadings filed in the case, the answer and reply as well as the petition, and if from all the pleadings the court can find that there is a cause of action in favor of the plaintiffs, the objection should be overruled." Marshall v. Homier, 13 Okla. 264, 74 P. 368.

Measured by the foregoing rule, can it be said that the plaintiff's petition was sufficient to withstand the objection interposed in the trial court? The answer to this question, of necessity, requires an examination and analysis of plaintiff's petition, and for the purpose of determining this question the analysis must be made from the premise that the facts alleged in the petition, and the exhibits thereto attached, which by reference are made a part of said petition, the reply, together with all reasonable inferences to be drawn therefrom, are true.

From this analysis, this court is of the opinion that the plaintiff's petition was sufficient, and that the trial court committed error in sustaining the defendant's objection to the introduction of the evidence.

The judgment of the trial court is therefore reversed.

The Supreme Court acknowledges the aid of Attorneys Don Mitchell, Carl Kruse, and Roy J. Elam in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Mitchell, and approved by Mr. Kruse and Mr. Elam, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.