## KANSAS, OKLA. & GULF RY. CO. v. BALLEW.

No. 26974.  Sept. 29, 1936.

Steele & Boatman, O. E. Swan, and C. A. Conway, for plaintiff in error.

C. D. Lewis and Jos. I. Pitchford, for defendant in error.

CORN, J. This action was instituted in the district court of Okmulgee county, to recover damages for injuries sustained by plaintiff while working for defendant as a section foreman. In the trial court Lon Ballew was plaintiff and Kansas, Oklahoma & Gulf Railway Company was defendant. They will be so designated herein.

The petition, omitting the formal parts, is as follows:

"That the defendant is a railroad corporation and operates a line of railroad through the state of Oklahoma and through a portion of Okmulgee county.

"That heretofore, and on the 14th day of October, 1933, this plaintiff was employed by the defendant as a section foreman at Calvin, Okla.; and that on said date and about the hour of 11:45 p. m., he was engaged in unloading a car of rock for said defendant at bridge No. 218, which is and was located about 1½ miles south of Calvin, Okla.

"That all the lights furnished the plaintiff at said time and place were such lights as came from regular railroad lanterns; that as the defendant reached near the bottom of said car he picked up a large rock preparatory to throwing it out of the car, but said rock had, by some means, become entangled with a piece of wire which was in said car and fastened to the bottom of floor of said car, so that when plaintiff attempted to heave said rock over the side of the car the wire became taut and instead of throwing the rock over the side of the car, it hit the inside of the car and caught plaintiff's left hand between said rock and the side of said car, thereby mashing his said hand.

"That the cause of said injury was the negligence of the defendant in failing to furnish this plaintiff with a safe place in which to work and in failing to inspect said car for foreign substances before ordering this plaintiff to unload same.

"That as a result of the mashing of said hand as above alleged, said hand and the fingers of said hand have become partially paralyzed so that same are practically useless.

"That immediately following said injury this plaintiff suffered and still suffers great and excruciating pain both in said hand and his entire left arm.

"That as a result of the grievances herein mentioned this plaintiff has been damaged in the sum of $2,990 for which he prays judgment."

The case was tried to a jury on October 10, 1935, and verdict rendered in favor of plaintiff for the sum of $500.

The plaintiff testified he was 60 years of age, was employed by the defendant and had received an order to unload, at bridge No. 218, 1½ miles from Calvin, a car of rock upon its arrival. The car arrived about 12 o'clock that night, at which time it was raining and there was a heavy mist. The only lights furnished by the defendant were two railroad lanterns. While the plaintiff was throwing out these rocks he picked up one which weighed about 60 pounds and attempted to throw it over the side of the car, but it was caught in a wire which was fastened to the bottom of the car, and the wire became tight so that the rock could not clear the top of the car, and as a consequence hit the side, mashing plaintiff's hand. Plaintiff has been unable to do any manual work since.

The assignments of error, as set forth in defendant's brief, are as follows:

(1) The petition does not state a cause of action.

(2) The trial court erred in overruling the demurrer to the evidence and in refusing to instruct the jury to return a verdict for the defendant.

(3) The trial court erred in admitting, over the objection of defendant, incompetent and immaterial testimony.

Assignments of error Nos. 4, 5, 6, 7, and 8. The trial court erred in giving to the jury instructions 9, 15, 16, 17, and 18, respectively.

(9) The trial court erred in refusing to give to the jury requested instruction No. 9.

(10) The trial court erred in overruling the motion for a new trial.

The assignments of error will be disposed of in the order presented:

Assignment No. 1. The record shows that the petition was not demurred to, but an objection was first made challenging the sufficiency of said petition by objecting to the introduction of any evidence for the reason the petition did not state a cause of action in favor of the plaintiff and against the defendant. Such objection is not favored and should not be sustained unless there is a total failure to allege some matter essential to the relief sought, and should seldom be sustained when the allegations are simply incomplete, indefinite, or conclusions of law. Taylor v. Starr, 109 Okla. 135, 234 P. 756; Johnson v. Chapman, 38 Okla. 42, 131 P. 1076.

Assignment No. 2. The long established rule by this court is:

"Where there is any evidence introduced at the trial of a cause tending to establish the allegations of the plaintiff's petition, it is error for the court to sustain a demurrer to such evidence and render a judgment in favor of the defendant." Anoatubby v. Pennington, 46 Okla. 221, 148 P. 828.

The evidence is amply sufficient to justify the trial court in overruling said demurrer and in refusing to instruct a verdict for the defendant.

The third assignment of error is without merit.

Assignment No. 4. Defendant devotes pages 43 to 46, inclusive, of its brief to the fourth assignment of error, that "the trial court erred in giving to the jury instruction No. 9." Its only criticism of this instruction is that the court had the following words in the instruction, to wit: "And reasonably safe tools and appliances", because there were no allegations in the petition that the defendant was negligent in failing to furnish reasonably safe tools and appliances. If it was error, it was harmless error, for the reason the jury knew that no tools and appliances were necessary in pitching the rock out of the car.

The giving of instruction No. 15 is alleged as error in defendant's fifth assignment— here the words "tools and appliances."

Assignment No. 6 covers instruction No. 16. The only argument advanced against this instruction is that the evidence as to the lights was improperly submitted. It quotes a part of this instruction and says the instruction makes the defendant an insurer, and tells the jury it was defendant's duty to furnish "sufficient light to enable him * * * to see and ascertain," etc.

This quotation, standing alone, may not be proper, but an examination of said instruction discloses it reads as follows:

"Sufficient light to enable him, as a reasonable and prudent man, to see and ascertain if there was any unusual danger connected with the unloading of said rock."

The seventh assignment is that "the trial court erred in giving to the jury instruction No. 17," which reads as follows:

"You are instructed that it is the duty of a railroad company to search for hidden defects in its cars as a part of its duty to exercise ordinary care to furnish reasonably safe appliances to its servants and to keep such appliances reasonably safe."

This instruction seems to follow the case of St. L. & S. Ry. Co. v. Rogers (Ark.) 126 S. W. 375, 1199.

When the facts of this case are taken into consideration, to wit: A dark, misty night, the master ordering this carload of rock unloaded at midnight, and the only lights furnished were two regular railroad lanterns, and a wire fastened to the bottom of the car becoming entangled with one of these 60-pound rocks, the court was justified in giving said instruction.

The eighth assignment of error is an objection again to the court's instructing upon reasonably safe appliances. A reading of this instruction will show its manifest fairness to both plaintiff and defendant.

The 9th assignment is based upon the court's refusal to give a requested instruction. The most of this instruction was covered by instructions given. The court instructed the jury that the burden of proof was upon the plaintiff to prove that the defendant was negligent in failing to furnish the plaintiff with a reasonably safe place to work, and in failing to inspect said car. There was evidence tending to prove these facts, therefore, the question of accident did not enter into the case. As to assumption of risk, this is always a question for the jury, under our Constitution.

The court's instructions to the jury in this case, as a whole, are substantially correct.

The judgment is therefore affirmed.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS and GIBSON, JJ., concur.