**BRETZ, County Treasurer, v. EL RENO STATE BANK.**

No. 9165—Opinion Filed Dec. 31, 1918.

(177 Pac. 362.)

(Syllabus.)

**Taxation—Taxation of State Bank—Illegality—Remedy.**

Where the assessment of a state bank was increased, without notice, by the county board of equalization adding the value of state public building bonds held by the bank, which were exempt from taxation, the tax was illegal to the amount of such increase, and the bank's remedy was to pay the tax levied, and sue for recovery of the illegal portion in the manner provided by section 7, subd. B, art. 1, c. 107, Sess. Laws 1915.

Error from District Court, Canadian County; John W. Hayson, Judge.

Action by the El Reno State Bank against Robert Bretz, County Treasurer of Canadian County, Okla. Judgment for plaintiff, and defendant brings error. Affirmed.

E. F. Maley, for plaintiff in error.

Fogg & Bennett, for defendant in error.

OWEN, J. This action was instituted by the El Reno State Bank, in the district court of Canadian county, against the county treasurer, to cover $418.72 alleged illegal taxes paid under protest. A jury was waived, and the case tried by the court and judgment rendered for the bank.

It appears that the bank, on February 15, 1915, delivered to the county assessor of Canadian county a sworn statement of its capital stock, surplus, real estate and personal property of this bank by adding $25,000, ed at a valuation of $29,450, which included public building fund bonds issued pursuant to chapter 89, S. L. 1911, to the amount of $25,000. Claiming these bonds exempt from taxation, the bank deducted that amount from its item of personal property, leaving that item, $4,450, subject to assessment. No change was made in this assessment by the assessor, or by the county board of equalization at its initial session.

The state board of equalization directed an increase in the valuation of Canadian county, amounting to something over $180,-000, which included an increase of $41,200 in the valuation of the state banks of the county. Upon receipt of this order, the county board increased the valuation of the personal property of this bank by adding $25,000, the amount of the building bonds owned by the bank. This increase was made without notice to the bank, and no appeal was taken from this action of the county board.

Plaintiff in error contends that the increase was made by the county board in obedience to the order of the state board and according to the provisions of section 6, art. 1, c. 107, S. L. 1915, and no notice to the bank was necessary. In that connection it is urged that the bank's remedy, if any, was by appeal from the action of the county board.

The lower court found from the evidence that the action of the county board was not in compliance with the order of the state board. It appears these public building fund bonds were added to the assessment of the bank, and in that manner the value of the personal property increased by the amount of the bonds. There was no increase in the valuation of any of the property listed by the bank as taxable. The statute referred to prescribes the method to be followed by the county board in order to increase the valuation of the county. Such increase shall be provided for: First, by placing on the tax rolls, at its fair cash value, any property subject to taxation which has been omitted; second, if the valuation of such omitted property be not sufficient to meet the raise ordered by the state board, then the county board shall proceed to raise the valuation of such property as may be found to be under value; third, if the increase so provided for be still insufficient, then the county board shall order a raise in valuation of all property equalized by the county board in a sufficient amount to raise the valuation to the valuation placed by the state board.

There is no contention that any of the property listed was undervalued, or that there was an increase in the value of all the property listed, or that any property had been omitted other than these public building bonds. The statute authorizes the county board to place on the tax rolls any omitted property subject to taxation, not exempt property.

The act under which these bonds were issued provides they shall be exempt from taxation. This act was construed and the bonds held to be exempt in the case of In re Assessment First National Bank of Chickasha, 58 Okla. 508, 160 Pac. 469, L. R. A. 1917B, 294.

Where the increase in valuation is made by placing omitted taxable property on the tax roll, or by increasing the value of the listed property found to be under value, or by increasing the valuation of all the property listed, an appeal may be taken from the extension of such increase in the same time and manner as from original equalization. Section 2, subd. B, of this act provides the method of appeal from original equalization. Under the provision of this section, if the county board increases the valuation of any property above the value returned by the assessor, notice shall be given of the amount of this increase, and the taxpayer has ten days from the mailing of such notice in which to appeal. It is admitted the bank had no notice of the increase of its original assessment.

These bonds being exempt from taxation, the amount of the tax levied against their value, which is admitted to be the amount sued for, is illegal. Section 7, subd. B, art. 1, of this statute provides that in all cases where the illegality of the tax is alleged to arise by reason of some act for which the law provides no appeal, the aggrieved person may pay the full amount of the tax, and upon proper notice sue to recover the illegal portion. The term "illegal" in its common acceptation signifies that which is contrary to the principles of law as distinguished from rules of procedure. Barton v. Saunders, 16 Ore. 51, 16 Pac. 921, 8 Am. St. Rep. 261; State v. Norton, 69 S. C. 454, 48 S. E. 464.

The tax levied against these bonds is illegal because not authorized by law. It is not an excessive valuation of taxable property and, had the alleged illegality of the tax arisen by increasing the bank's assessment by either of the methods prescribed by section 6 of this act, then the remedy would have been by appeal. Our attention has not been called to any statute providing for appeal when exempted property is added, without notice, to the tax roll. To hold that section 6 of the act provides for appeal where the alleged illegality of the tax occurs by an increase of the assessment in either method prescribed by that section, and that section 7, subd. B, art. 1, of this act applies

where the tax is not authorized by law, as in this case, is to give effect to both sections. The general rule is that the entire act must be construed so as to give effect to every section where such construction is possible. Roma Oil Co. v. Long, 68 Okla. 267, 173 Pac. 957, and authorities there cited.

The defendant in error paid the entire amount of the tax levied against it, and, proceeding under section 7, subd. B, art. 1, of the act, brought this action to recover that portion of the tax assessed against the exempted bonds. The statute provides no appeal where such assessment is made without notice. Therefore the judgment of the lower court is affirmed.

All the Justices concur.