## STATE NAT. BANK v. BOARD OF COM'RS OF OKLAHOMA COUNTY.

No. 8719—Opinion Filed Feb. 4, 1919.

(178 Pac. 688.)

(Syllabus.)

**Taxation—Order of County Board of Equalization—Appeal.**

There is no appeal provided by law from the action of the county board of equalization, refusing to deduct the amount of increase ordered by the state board of equalization in the assessed valuation of the real estate of a bank, from the assessed value of its money capital, surplus, and undivided profits.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

The State National Bank brings error from an order of the district court dismissing an appeal from an order of the County Board of Commissioners, sitting as a board of equalization for the year 1915, made in pursuance of the mandate of the state board of equalization. Affirmed.

Wilson, Tomerlin & Buckholtz, for plaintiff in error.

Chas. E. Selby, for defendant in error.

KANE, J. This is an appeal from an order of the district court dismissing an appeal from an order of the county board of equalization, made in pursuance of the mandate of the state board of equalization. It seems that the appellant bank made return of its property for taxation for the year 1915 to the county assessor, fixing the net value of its moneyed capital, surplus, and undivided profits at $288,979; that it then listed its certain real estate owned by it in the countries of Oklahoma and Grady at an assessed valuation of $88,480, which amount being subtracted from the net value of its moneyed capital, surplus, and undivided profits as

provided by section 7318, Rev. Laws 1910, left a balance of $200,499 as the personal assessment against the bank. Thereafter, the value of real estate situated in the county of Oklahoma was increased 10 per cent. by a general order of the state board of equalization, which resulted in the sum of $8,608 being added to the assessed value of the real estate of the bank.

Thereupon the bank in due time filed its written application with the county board of equalization praying it to subtract the increased valuation of its real estate, as found by the state board of equalization from the assessed value of its moneyed capital, surplus, and undivided profits. This application being denied by the county board of equalization, an appeal was taken to the district court, which, upon motion of the county attorney was dismissed for want of jurisdiction to hear and determine the matter complained of by appellant. We are of the opinion that the appeal was properly dismissed.

Section 6, c. 107, Session Laws 1915, provides that:

"If the state board shall order an increase in the valuation if any county such increase shall be provided for as follows: * * *

"2. If the valuation of such property so assessed be not sufficient to fully meet the raise ordered by the state board, then the county board shall proceed to raise the valuation of any property that they may find to have been undervalued. * * *

"From the extension of such increases an appeal may be allowed in the same time and manner as from the original equalization."

It will be observed that no complaint was made by the bank of the order making the extension. What it complains of was the refusal of the county board of equalization to deduct the amount of the increased valuation of real estate from the net value of its moneyed capital, surplus, and undivided profits as previously ascertained. We are unable to find a statute authorizing an appeal from such an order, and none has been pointed out to us by counsel for appellant.

In our opinion section 6, supra, is the governing statute, and it does not provide for an appeal from the action of the county board complained of. The district court was right in dismissing the appeal.

This statute was under consideration in Bretz v. El Reno State Bank, 71 Okla. 283, 177 Pac. 362. In that action, which was for the recovery of the sum of $418.72 alleged illegal taxes piad under protest, it was con-

tended that an appeal from the action of the county board of equalization and not an independent action was the proper remedy.

In considering the scope of that part of the statute which provides for appeals Mr. Justice Owen, who delivered the opinion for the court, says:

"Where the increase in the valuation is made by placing omitted taxable property on the tax roll, or by increasing the value of the listed property found to be under value, or by increasing the valuation of all the property listed, an appeal may be taken from the extension of such increase in the same time and manner as from original equalization."

We think this is applicable to the case at bar. The action of the county board complained of being its refusal to make the deduction as prayed for in the application of the bank, and not the extension of the increase, the order made was not appealable.

For the reasons stated, the judgment of the court below must be affirmed.

All the Justices concur.