## FIRST NAT. BANK OF NORMAN v. BRIGGS, Co. Treas.

No. 14835—Opinion Filed Nov. 12, 1924.

### Taxation — Statutory Appeal as Exclusive Remedy.

Whenever the statutes of a state provide a mode by which appeals may be taken from the assessment or equalization of property, that remedy is exclusive, and equitable remedies cannot be resorted to.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Cleveland County; W. L. Eagleton, Judge.

Action by First National Bank of Norman against Lydia Briggs, County Treasurer of Cleveland County. Judgment for defendant, and plaintiff appeals. Affirmed.

Hardie & Grim, for plaintiff in error.

J. D. Holland, Co. Atty., for defendant in error.

Opinion by JONES, C. This suit was instituted by plaintiff in error in the district court of Cleveland county, Okla., on July 3, 1923, for the recovery of $1,294.92 taxes which it paid under protest to the defendant in error, Lydia Briggs, county treasurer of Cleveland county, Okla., alleging that in making said assessment for said year, said assessor assessed all property except bank stock for approximately one-half its cash value; that in making the assessment of the personal property of this plaintiff, the said assessor assessed the same at its actual cash value; that said assessor, for said year, intentionally discriminated against this plaintiff in making said assessment. To this petition of plaintiff in error defendant in error filed a general demurrer, and same being sustained by the trial court, plaintiff duly excepted, and appeals to this court, assigning as error the action of the court in sustaining said demurrer. This suit was instituted by plaintiff in error on the theory that it was entitled to the relief sought under section 9971, Comp. Stat. 1921, which provides that:

"In all cases where the illegality of the taxes is alleged to arise by reason of some action from which the laws provide **no appeal,** the aggrieved person shall pay the full amount of the taxes at the time and in the manner provided by law, and shall give notice to the officer collecting the taxes showing the grounds of complaint and that suit will be brought against the officer for recovery of them. * * *"

The court evidently based its ruling upon the theory that plaintiff in error was not entitled to the relief sought under the section heretofore quoted, but that it should have pursued the remedy provided by section 9966, Comp. Stat. 1921, which section lays down the procedure and provides a remedy for:

"Any taxpayer feeling aggrieved at the assessment as made by the assessor, or the equalization as made by the county board of equalization" and provides further that he "May file with said assessor * * * a written complaint," etc.

—and provides for an appeal to the district court.

The appellant calls attention to the case of Bretz, County Treasurer, v. El Reno State Bank, 71 Okla. 283, 177 Pac. 362, and the case of Sioux City Bridge Co. v. Dakota County, Neb., 260 U. S. 441, 67 L. Ed. 340, as authorities supporting their theory or contention. From an examination of the Bretz Case we find that the court was dealing with an assessment made without notice to the tax payer, which distinguishes the case from the one at bar, as the appellant's petition contains no allegation of lack of notice, and from an examination of the Sioux City Bridge Co. Case, supra, we find that it originated by an appeal taken from the action of the county assessor in assessing the taxes to the board of equalization, and an appeal from the action of the board of equalization to the district court, and from the judgment of the district court to the Supreme Court of the state of Nebraska, and thence the appeal was duly prosecuted to the Supreme Court of the United States, which was a different procedure entirely from that invoked by appellant in this case, and in fact the procedure followed in that case is, in our judgment, the procedure which should have been followed by appellant in this case.

Appellees call our attention to article 10, sec. 8, Const., which provides for the taxation of all property at its fair cash value, and section 9607, Comp. Stat. 1921, which provides that all banks shall be assessed and taxed upon the actual value of shares of stock therein, etc. And section 9966, Id., sets forth the procedure and provides the remedy for:

"Any taxpayer feeling aggrieved at the assessment as made by the assessor or the equalization as made by the county board of equalization," and provides that he "May appeal to the board of equalization, and if aggrieved by the action of the board may appeal to the district court," etc.

Section 9969, Id., provides that:

"This act shall be construed to give reme-

dies and rights in addition to those of appeal heretofore given by statute, but the remedies of resort to the boards, and appeal therefrom shall be the sole remedies for the correction of assessment or equaliation."

, Our attention is also called to the case of Board of Com'rs of Garfield County, v. Field et al., 63 Okla. 80, 162 Pac. 733. The fourth paragraph of the syllabus thereof provides:

"Whenever the statutes of a state provide a mode by which appeals may be taken from the assessment or equalization of property, that remedy is exclusive, and equitable remedies cannot be resorted to."

And in the body of the opinion, we find this language:

"If any question exist as to the equalization of the assessments or values, the remedy of the plaintiffs would have been to appear before the township board of equalization. where they had a most ample opportunity to be heard in their behalf and if they were dissatisfied then they had an appeal to the board of county commissioners and had they been aggrieved by the action of said board, they might then have appealed to the county court"

—which was the procedure authorized by law at that time, and is similar to the procedure now provided for, and the same rule is followed in the case of Weatherly, County Treasurer, v. Sawyer, 63 Okla. 155, 163 Pac. 717. In the case of Board of Com'rs v. Canadian County et al. v. Tinklepaugh et al., 49 Okla. 440 152 Pac. 1119, the court, in passing upon the effect of section 7370, Rev. Laws 1910, being section 9686, Comp. Stat. 1921, said: "Section 7370, Rev. Laws 1910 * * * provides a speedy and adequate remedy for inequality of assessments or equalization and is the sole method by which assessments or equalizations shall be corrected or taxes abated." The authorities cited by appellees are decisive of the rights of the parties in this case, and we think clearly sustain the judgment of the court in sustaining a demurrer to the plaintiff's petition, and we therefore recommend that the case be affirmed.

By the Court: It is so ordered.