**APARTMENTS BLDG. CO. v. SMILEY, County Treasurer, et al.**

District Court, N. D. Oklahoma. May 24, 1928.

No. 308.

1. Constitutional law ⊜⇒46(1)—Constitutionality of tax assessment on realty cannot be considered by courts, where plaintiff has not exhausted administrative remedies (Comp. St. Okl. 1921, §§ 6671, 9675, 9686; Const. U. S. Amends. 5, 14).

Where foreign corporation never filed return of its realty with county tax assessor, nor appeared before county board of equalization to complain against assessment, under Comp. St. Okl. 1921, §§ 6671, 9675, 9686, its claim that assessment violated Const. U. S. Amends. 5, 14, in discriminating against it and violating its property rights, and in denying it equal protection of the law, and Constitution and laws of Oklahoma requiring uniform taxation in proportion to value by intentionally assessing its property at a greater percentage of its value than property of other citizens taxed on an ad valorem basis, will not be considered by the courts, in view of Comp. St. Okl. 1921, §§ 9666, 9669.

2. Taxation ⊜⇒466—As respects adequacy of administrative remedies before county board of equalization, board held to have power to adjust and equalize tax assessments (Comp. St. Okl. 1921, §§ 6671, 9666, 9669, 9675, 9686).

Under Comp. St. Okl. 1921, §§ 6671, 9666, 9669, 9675, 9686, county board of equalization has power to adjust and equalize assessments as against objection that complainant taxpayer has no adequate remedy by resorting to administrative remedies before board to correct al-

leged unconstitutional tax assessment, and that therefore he was entitled to appeal to courts for relief.

**3. Taxation ☞453—Right to resort to equity is excluded, where state statutes afford plain, speedy, and adequate remedy against unequal taxation.**

Where state statutes afford a plain, speedy, and adequate remedy to correct and equalize tax assessments claimed to violate taxpayer's constitutional rights, the right to resort to equity is excluded.

**4. Taxation ☞494(1)—Mere honest errors of judgment of taxing officials in assessing tax does not authorize judicial relief.**

To sustain contention that tax assessment violates complainant's constitutional rights, complainant must establish by proof that valuations are excessive, that tax officials in making them did so intentionally, for purpose of discriminating between taxpayers, and, where the action on part of taxing officials is no more than an honest error of judgment, relief is not to be obtained by action in a court.

In Equity. Suit by the Apartments Building Company against John L. Smiley, as County Treasurer of Tulsa County, Oklahoma, and others, to recover alleged illegal taxes in the sum of $7,920.05, and to enjoin the collection of the last half of taxes assessed against complainant for the year 1927. Decree for defendants.

James Harrington and John Rogers, both of Tulsa, Okl., for complainant.

Hugh Webster, Asst. Co. Atty., of Tulsa, Okl., for respondents.

KENNAMER, District Judge. This is an action to recover the amount of one-half of the taxes levied for the fiscal year 1927, and to enjoin the collection of the last half due on or before the 15th of June, 1928. Complainant owns lots 1, 2, 3, 4, and 5 in block 2, Riverford addition to the city of Tulsa, Oklahoma. Lots 1 and 2 are improved with an apartment building designated as Sophian Plaza, and according to the evidence introduced is a very valuable improvement. The county assessor of Tulsa county assessed the property at the value as of January 1, 1927, of $515,000.

The complainant avers in its petition that such valuations so found and fixed by respondent assessor were and are oppressive, grossly inequitable, and palpably in excess of the fair cash value of said lots and improvements thereon erected; that the assessor discriminated against the complainant in favor of other taxpayers in violation of the Constitution and laws of the state of Oklahoma requiring uniform taxation in proportion to the value by deliberately and intentionally assessing complainant's property at a different and greater percentage of its value than property of other citizens taxed upon an ad valorem basis in the city of Tulsa; that the valuation so found and fixed by the assessor, equalized and adjusted by respondent the board of county commissioners, sitting as a county board of equalization, did not exceed from 50 to 60 per cent. of the cash value of such property as of January 1, 1927, whereas the property of complainant was valued and assessed for tax purposes at more than 100 per cent. of its cash value; that the complainant was systematically and intentionally discriminated against, in violation of its property rights as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States, and was denied the equal protection of the law. The complainant is a Missouri corporation, organized under the laws of the state of Missouri, and invokes the jurisdiction of this court upon the grounds of diversity of citizenship and the requisite amount involved.

The respondents by proper motion and answer have challenged the jurisdiction of this court. The respondents contend that complainant cannot maintain an action in equity, for the reason that the complainant has not exhausted its administrative remedies afforded by the laws of the state of Oklahoma.

Section 9666, Compiled Statutes of Oklahoma 1921, provides that the county assessor shall, on or after the 15th day of January of each year, proceed to take a list of all taxable property in the county and assess the value thereof as of January 1st. By section 9669, Compiled Statutes of Oklahoma 1921, it is made the duty of the county assessor, on or before the first Monday in June, to deliver all lists of property to the county board of equalization for the purpose of having them adjust and equalize it. By section 6671 it is provided that the county equalization board, composed of the county commissioners, with the county assessor as secretary of said board, shall meet at the county seat and hold a session, commencing on the first Monday in June of each year, for the purpose of equalizing taxes over the county, notice of which shall be given at least 10 days prior thereto in some newspaper of general circulation in the county. Any person who may think himself aggrieved by the assessment of his property shall have the right to appear before the board for the purpose of having the assessment of his property adjusted. The board shall have

the authority to raise, lower, and adjust individual assessments, fixing the same as the fair cash value of the property, to add omitted property, and to cancel assessments of property not taxable. Section 9675 provides any aggrieved person has the right to take an appeal to the district court, and from the district court to the Supreme Court of the state.

It is further provided that on such appeal no matter shall be reviewed which was not presented to the board appealed from; that every appeal should state specifically the objections to the assessments and the relief sought. The proceedings before the equalization board have been held to be administrative, and according to the provisions of the statutes of Oklahoma appeals are not permissible until the administrative board has passed upon the grievance of the taxpayer, and until this hearing is had, and the administrative board has passed upon the taxpayer's complaint, no justiciable questions are presented.

[1] The evidence in this case discloses that the complainant never at any time filed a return of its property with the tax assessor, or appeared before the county board of equalization at the time provided by law and complained against the assessment of its property as made by the county assessor and equalized by the equalization board. Section 9686, Compiled Statutes of Oklahoma 1921, provides that the proceedings before the board of equalization and appeals therefrom shall be the sole method by which assessments or equalizations shall be corrected or taxes abated; equitable remedies shall be resorted to only where the aggrieved party has no taxable property within the tax district of which complaint is made.

In the case of First National Bank of Greeley v. Board of Commissioners of Weld County, 264 U. S. 450, 453, 44 S. Ct. 385, 386 (68 L. Ed. 784), it was held:

"We are met at the threshold of our consideration of the case with the contention that the plaintiff did not exhaust its remedies before the administrative boards and consequently cannot be heard by a judicial tribunal to assert the invalidity of the tax. We are of opinion that this contention must be upheld. * * * Plaintiff seeks to excuse its failure to apply to the county board for an equalization by saying that this was a public duty of the board and not a private remedy, and Greene v. Louisville & I. R. R. Co., 244 U. S. 499, 521 [37 S. Ct. 673 (61 L. Ed. 1280, Ann. Cas. 1917E, 88)], is relied upon as authority. The most cursory

examination of that case, however, will disclose its inapplicability. There the divergent assessments were made by two assessing boards, neither having control or supervision of the other, and it was held that complainants, whose property had been assessed by one of these boards, were not entitled, under the Kentucky Statutes, to complain to the other board that its assessments were too low. A very different question is presented here, where the same board has affirmed both assessments, is expressly vested by statute with the power of equalization and may exert its power at the instance of any one aggrieved. Hallett v. County Commissioners, 27 Colo. 86, 93 [59 P. 733]; Barnett v. Jaynes, 26 Colo. 279, 282 [57 P. 703]."

See Sowers, County Treasurer, v. First National Bank of Perry et al., 89 Okl. 160, 213 P. 876; First National Bank of Norman v. Briggs, 104 Okl. 97, 230 P. 860; First National Bank of Temple v. Achenbach, County Treasurer, 110 Okl. 246, 237 P. 574; Singer Sewing Machine Co. v. Benedict, 229 U. S. 481, 33 S. Ct. 942, 57 L. Ed. 1288.

[2] In the case of First Nat. Bank of Greeley v. Board of Commissioners of Weld County, supra, the Supreme Court of the United States held that the federal courts are bound by the construction of the state court of a state statute with respect to the remedies of a taxpayer for relief from an excessive assessment. Counsel for complainant in this case contend that no adequate remedy exists by a resort to the administrative remedies before the county board, for the reason that the only power that the administrative board would have under the Constitution and laws of the state would be to assess complainant's property at its full fair cash value, as complainant could not require the board to raise the value of the other properties undervalued by the assessor's valuation. Under the statute the board did have the power to adjust assessments and equalize them.

In the case of Sioux City Bridge Co. v. Dakota County, Nebraska, 260 U. S. 441, 43 S. Ct. 190, 67 L. Ed. 340, 28 A. L. R. 979, the rule was approved, that the owner, aggrieved by discrimination, is entitled to have his assessment reduced to the common level, since by no judicial proceeding can he compel reassessment of the great mass of such property; that systematic undervaluation by state officials of other taxable property in the same class contravenes the equal protection clause of the Fourteenth Amendment. This case reached the Supreme Court of the United States by certiorari to the Supreme Court of Nebraska. In this case the con-

tention was made, and sustained by the Supreme Court of Nebraska (105 Neb. 843, 182 N. W. 485) that the bridge company had no remedy except "to have the property assessed below its true value raised, rather than to have property assessed at its true value reduced." Mr. Chief Justice Taft, in delivering the opinion of the court, said:

"This court holds that the right of the taxpayer whose property alone is taxed at 100 per cent. of its true value is to have his assessment reduced to the percentage of that value at which others are taxed even though this is a departure from the requirement of statute. The conclusion is based on the principle that where it is impossible to secure both the standard of the true value, and the uniformity and equality required by law, the latter requirement is to be preferred as the just and ultimate purpose of the law."

But it must be borne in mind, had the complainant in this case resorted to its administrative remedy and presented its objections to the discriminatory manner in which it is alleged its property was assessed, that the equalization board in the adjustment of assessments would have placed its property on a level with the assessment of other similar classes of property.

[3] In the case of Union Pacific Railroad Co. v. Board of Commissioners of Weld County, Colorado, et al., 217 F. 540 (8 C. C. A.), the court, in construing section 5750 of the Revised Statutes of Colorado, providing for the refund of taxes which had been determined to be erroneous or illegal, owing to erroneous assessment, or improper levying of the tax, held that the remedy given by said section was adequate. The court said: "It is difficult to follow the reasoning which would hold that it is not adequate. The evil caused by suits in equity to restrain the collection of taxes is grave, and has often been set forth by courts." Where the statutes of a state afford a plain, speedy, and adequate remedy the right to resort to equity is excluded.

In the case of Kansas City Southern Railroad Co. et al. v. Ogden Levee District et al., 15 F.(2d) 637 (8 C. C. A.), the court held: "A taxpayer, who does not exhaust the remedy provided before an administrative board to secure the correct assessment of a tax, cannot thereafter be heard by a judicial tribunal to assert its invalidity." See Gorham Mfg. Co. v. Tax Commission, 266 U. S. 265, 45 S. Ct. 80, 69 L. Ed. 279.

[4] The complainant in this case cannot prevail for the further reason that the author-ities uniformly support the rule to sustain such a case as pleaded, it is incumbent on the complainant to establish by proof that the valuations were excessive, and that the tax officials in making them did so intentionally for the purpose of discriminating between taxpayers, and, where the action on the part of the taxing officials was no more than an honest error of judgment, relief is not to be obtained by an action in a court. United States v. Board of Commissioners of Osage County, 1 F.(2d) 701 (8 C. C. A.); First National Bank of Greeley v. Board of Commissioners of Weld County, Colorado, supra. The evidence in this case fails to establish an intentional discrimination in assessing the property of complainant.

Decree is ordered for respondents, dismissing complainant's bill.