## SPURRIER v. MALLOUF.

No. 28446. Jan. 24, 1939.

Clayton B. Pierce and Truman B. Rucker, for plaintiff in error.

W. R. Withington and Chas. E. Sabin, for defendant in error.

CORN, J. This is an appeal from an order of the district court of Oklahoma county sustaining defendant in error's motion for new trial after the jury had returned a unanimous verdict for plaintiff in error. Hereafter we shall refer to the parties as they appeared in the trial court.

The plaintiff sued to recover damages for personal injuries received as the result of a collision between the car in which she was a passenger and a car with trailer attached, operated by defendant, in the state of Colorado.

As grounds of negligence plaintiff alleged defendant had parked upon the highway in violation of a Colorado statute. Further, that defendant's trailer was not equipped with a lighted rear lamp as required by section 121, chapter 122, subsection D of the Session Laws of Colorado, 1931. Also, that although defendant's trailer was equipped with a red, reflector type tail light, same was covered and not visible.

At the close of the testimony the court instructed the jury in part, as follows:

"* * * If you find and believe from the evidence in this case that there were no lights or reflector shown upon the car of the defendant and the trailer attached thereto at the time of the accident, then and in that event the defendant would be guilty of negligence, and you should so find."

After the verdict was returned, plaintiff filed motion for new trial, which was sustained by the trial court on the theory he had erred in construing the subsection of the statute heretofore referred to, in that he failed to instruct the jury the statute re-

quired a "lighted lamp" to be carried on the rear of a trailer attached to a motor vehicle.

It is defendant's contention this statute did not require a lighted lamp on the trailer, and that the red, reflector type light attached to the rear of the trailer was a substantial compliance with the statute. Defendant now seeks reversal of the order sustaining the motion for new trial on the grounds the trial court erred in a pure, unmixed question of law. It is conceded, as shown by the briefs, that this appeal depends solely upon the interpretation of the subsection of the statute heretofore referred to.

It being admitted there was no lighted lamp of any kind on the rear of the trailer, we are confronted with the problem of interpreting subsection D of section 121, chapter 122, S. L. of Colorado 1931. If said section required a lighted rear light on the trailer, then defendant was guilty of negligence, and the action of the trial court in sustaining the motion for new trial was proper.

The subsection of the statute, commonly known as the "Uniform Motor Vehicle Act," provides as follows:

"Every motor vehicle and every trailer or semi-trailer which is being drawn at the end of a train of vehicles shall carry at the rear a lamp of a type which has been approved by the department and which exhibits a red light plainly visible under normal atmospheric conditions from a distance of five hundred feet to the rear of such vehicle, and so constructed and placed that the number plate carried on the rear of such vehicle shall, under like conditions, be so illuminated by a white light as to be read from a distance of fifty feet to the rear of such vehicle, and shall carry a reflector type of red tail light which shall be placed on and clearly visible from the rear of said vehicle, said reflector type of red tail light to be of a style approved by the department. If a trailer is attached, a reflector type of red tail light shall also, be placed on and clearly visible from the rear of said trailer."

Plaintiff's argument is directed toward showing that defendant's interpretation, to wit, that the act only required a reflector type tail light on the trailer, cannot be accepted because it would conflict with the first sentence of this subsection providing that every trailer drawn at the end of a train of vehicles shall carry a rear lamp. Also, that to accept the construction urged by defendant requires that subsection G be entirely ignored. Subsection G requires, in effect, that all other types of vehicles not required to be equipped with specified types of lamps shall carry lighted front lights and a lighted red light to the rear of such vehicle.

The plaintiff urges that, inasmuch as the second sentence of subsection D reads, "If a trailer is attached, a reflector type of red tail light shall **also** be placed on and clearly visible from the rear of said trailer," the word **"also"** must be construed to mean "in addition to." From this the plaintiff raises the question as to what the reflector is to be in addition to, other than a lighted, red light, and says the conclusion as to this requirement is inescapable. The final result of this argument, then, is that to give this subsection the construction urged by plaintiff is to say the first sentence contains the requirements as to the lights to be used on every type of trailer, and so renders the final sentence idle, of no force, and mere surplusage.

Under the construction urged by the plaintiff, the second sentence of this subsection would perform no function whatever, inasmuch as the first sentence refers to "every trailer." The elementary canons of legislative construction decry such a construction. This court, in accord with the principles enunciated by the higher courts, is committed to the rule that every word, phrase, clause, sentence, and paragraph in a statute must be given meaning and effect if it is possible to do so, and such a construction is preferred to one making some words nugatory. Bretz v. El Reno State Bank, 71 Okla. 283, 177 P. 362; State ex rel. Bd. of Ed. of City of Tulsa v. Morley, 168 Okla. 259, 34 P.2d 258.

As pointed out in the defendant's brief, when attention is directed to the first sentence of the subsection, and disregarding the phrase "which is being drawn at the end of a trail of vehicles," which modifies, or classifies, the preceding words, the first sentence would provide that: (1) Every motor vehicle should carry both a lighted red light and a reflector type red light at the rear of such vehicle; (2) every trailer should carry both a lighted red tail light and a reflector type red tail light; (3) every semi-trailer should carry both a lighted red tail light and a red reflector type tail light. Hence, under the construction contended for by the plaintiff, the second sentence would be of no effect, as it only provides that when a trailer is attached a reflector type light must be carried, and this requirement is prescribed in the first sentence.

However, the Legislature chose to place a modification or term of classification in this first sentence, and this was done by placing therein the phrase "which is being drawn at the end of a train of vehicles."

Having disposed of this class of vehicles, the Legislature went further, obviously intending to set forth another class to which safety regulations were to be applied, by stating, in the second sentence, that "if a trailer is attached, a reflector type of red light shall also be placed on and clearly visible from the rear of said trailer."

That brings us to the question whether it was intended for this portion of the section to mean that a trailer should bear a lighted red tail light and, **in addition thereto,** a reflector type red tail light, or whether it was meant that a motor vehicle should bear a lighted red tail light, then, if a trailer was attached to such vehicle, a reflector type tail light should be attached to the trailer.

The latter is, we believe, the proper interpretation of the language used, and the only construction which gives force to the entire section. After having dealt with and prescribed the regulation for one class of vehicles, which might well be denominated "commercial vehicles," the Legislature inserted a provision which might well be read as saying, "if a trailer is attached to a non-commercial vehicle (not a train of vehicles), then there must also be placed on such trailer a reflector type tail light."

Such is the only interpretation by which effect can be given to the entire language of the subsection under discussion. We decline to say the Legislature did not intend this, and in such manner render the second sentence of the subsection idle, thus declaring the entire force of the regulation to be contained in the first sentence. We are of the opinion the Legislature intended the added requirement it expressed, and we believe such construction is reasonable and proper as expressing the intent of the Legislature. As this court said in the recent case of Childers v. Paul, 177 Okla. 111, 57 P.2d 872, in construction of statutes, legislative intent must govern, to be determined from consideration of the entire act.

For the reasons stated, we hold the trial court erred in granting the motion for new trial. Since the error involves a pure, simple, and unmixed question of law, the judgment and order of the trial court sustaining the motion for new trial is reversed, the order vacated, and the trial court is hereby directed to enter judgment in compliance with the verdict of the jury.

BAYLESS, C. J., and GIBSON, HURST, and DANNER, JJ., concur.